## QUALITY ICE CREAM CO. v. JONES et al.

No. 22492. Opinion Filed Feb. 23, 1932.

198

Green & Farmer, for petitioners.

Frank C. Crouch, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein, against the petitioner herein, respondent therein. Hereinafter the parties will be referred to as petitioner and claimant.

The case arose out of a claim before the State Industrial Commission for the result of an injury alleged to have occurred on the 7th day of June, 1922. On November 25, 1922, an award was made in favor of the claimant in the sum of $57.72. The amount was paid. On the 15th day of June, 1930, the claimant filed a motion to reopen the cause on the ground of a change in condition resulting from the injury of June 7, 1922.

There are six assignments of error presented under three propositions, the first of which is that incompetent, irrelevant, immaterial, and prejudicial testimony was admitted. In support of that contention the decisions of this court in Ft.Smith & W. Ry. Co. v. Hutchinson, 71 Okla. 139, 175 P. 922, and Chicago, R. I. & P. Ry. Co. v. Jackson, 63 Okla. 32, 162 P. 823, are cited. The record discloses no objection to the competency of Dr. Margo. The objection was confined to the "conclusions with reference to the causal connection between this present condition and any alleged accident, for the reason that the same is predicated partly, if not wholly, upon the history as given him by

claimant." We do not find anything in the record that we consider to be legally prejudicial. The members of the State Industrial Commission were informed by the record that the conclusions of the doctor were based on history given to him by the claimant at the time of the application to the doctor for an examination, and not at the time of the application to the doctor for treatment, and the evidence should have been so considered. We must presume that it was so considered and that little, if any, effect was given to it.

The second proposition is that there is no competent evidence in the record to sustain the award. Without regard to the weight of the testimony, we think that there is competent evidence in the record to sustain award under the rule established by the Legislature for the review of compensation cases.

The third proposition presented is that the evidence, if any, to sustain the award "falls under the scintilla rule," and should be reviewed by this court. This court did not provide the rules of evidence to be followed by the State Industrial Commission. Those rules were provided by the Legislature. If they are to be changed, they must be changed by the Legislature. No authority is cited to support the contenion that this court should not follow the rule long followed in this state, and we know of none.

The application of the petitioner to have the award of the State Industrial Commission vacated is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. McNEILL, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.