**BARTLETT-COLLINS GLASS CO. et al. v. WASHABAUGH et al.**

No. 24197.    Oct. 31, 1933.

Green & Farmer, for petitioners.

Bruno Mayer, Pat King, Glenn O. Young, and Robert D. Crowe, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission. The real question involves an award for permanent disability. The Industrial Commission, heretofore, to wit, January 4, 1930, awarded Lloyd Washabaugh, respondent herein, compensation for temporary total disability and partial permanent disability by reason of an accidental injury sustained by respondent on March 1, 1929, as result of an injury described by the attending physician's report as follows: "Wrenched bruised left ankle which resulted in abscess at ankle joint." It appears that respondent was working in a glass plant of petitioner Bartlett-Collins Glass Company, and, at the time of the injury, injured his foot while dipping melted glass from a furnace and carrying it to a nearby container. His foot slipped and that evening it swelled. He became disabled and ceased his work for a few days. He later returned to the plant and his foot and ankle became swollen and he was obliged to discontinue his work.

The award of January 4, 1930, became final upon this court directing the Commission on motion of petitioners to cause a dismissal of their petition to review the aforesaid award of January 4, 1930. On February 17, 1930, respondent and petitioners entered into an agreement wherein it was agreed that respondent would receive $1,500 in full settlement of the award which petitioners sought to review; $1,500 was paid to said respondent, though the receipt recites that the sum of $2,073 was paid in satisfaction of said award. This stipulation and receipt was never approved by the State Industrial Commission.

Petitioners urge three propositions:

"First Proposition. That the State Industrial Commission admitted certain evidence by the claimant before the State Industrial Commission which was incompetent, irrelevant, immaterial, prejudicial, and not proper to prove the facts sought to be proven.

"Second Proposition. That considering all of the competent evidence before the Commission which was properly admitted, the evidence of the claimant before the Commission was and is wholly insufficient to sustain and establish, by competent evidence, a change of condition on the part of the claimant, since the rendition of the

award of January 4, 1930, and to establish that the change of condition, if a change of condition was established, that the present condition was due to and the result of the injury alleged to have been received by the claimant on March 1, 1929.

"Third Proposition. That the State Industrial Commission is clearly wrong in allowing the respondent and insurance carrier credit for $1,500 on this award instead of $2,073, which the record clearly discloses that they are entitled to, even if the claimant is entitled to award for permanent total disability, the petitioners, of course, herein not in any way admitting that there is any ground for the award for permanent total disability."

By reason of the finality of the award of January 4, 1930, we need not consider the compensability of the award for temporary total and permanent partial disability. The real question centers on the proposition of whether the award of the Commission made on October 25, 1932, should be affirmed. The Commission, on October 25, 1932, found as follows:

"* * * 6. That on January 14, 1932, claimant herein filed his motion to reopen said cause on change of condition, and the evidence shows that claimant has sustained a change of condition as a direct result of the aforementioned injury, which resulted in infection of his injured foot and his entire system, from which injury and the resultant infection claimant is now permanently and totally disabled."

Compensation was awarded respondent for a period not to exceed 500 weeks at the rate of $18 per week, less the sum of $1,500 heretofore received by respondent.

Petitioners urge that the medical testimony offered by the respondent was improperly admitted by the Commission. Respondent introduced two medical expert witnesses. One of these appeared before the Commission and testified and the other offered his testimony by deposition. Dr. Rushing, being one of the witnesses called by respondent, testified that respondent was permanently and totally disabled, and that this condition was attributable to the injury sustained by respondent on March 1, 1929. Petitioners objected to his testimony for the reason that Dr. Rushing made his examination for the purpose of testifying and not for treatment, and taking history from the respondent since the accident and his condition since that time. A doctor is not bound to accept as a fact the history detailed by a patient. If he has doubts as to the correctness and the accuracy of such statements, he may make such independent investigation of the same as he deems

advisable to arrive at a proper diagnosis of the patient. We have heretofore decided this question adversely to the contention of the petitioners herein. Quality Ice Cream Co. v. Jones, 155 Okla. 197, 8 P. (2d) 751. In that case, it was held:

In compensation cases medical testimony based on the patient's statement at the time of examination though not made for the purpose of treatment held not incompetent, irrelevant or immaterial.

We reiterate and adhere to that rule. See, also, C., R. I. & P. Ry. Co. v. Jackson, 63 Okla. 32, 162 P. 823; Davis v. Renton (Cal.) 298 P. 834; Poropat v. Olympic Penn. Motor Coach Co., Inc., (Wash.) 299 P. 979. The objections of petitioners to the testimony of Dr. Chas. P. Reese were made at the time of a hearing held at Sapulpa, before one of the inspectors who was holding a hearing for the State Industrial Commission. Notices had been properly given by respondent's counsel for the taking of said deposition, and counsel for petitioners appeared, and at the time said deposition was taken the attorneys for all the parties entered into a stipulation that objections to questions asked and answers made thereto might be had at the time of the trial with the same force and effect as if separate objections were made to the separate questions and the answers thereto and exceptions saved at the time of taking the said deposition. The doctor's testimony apparently appears to be a full and complete examination on behalf of both parties, direct and cross-examination. This deposition was taken May 24, 1932, at Sapulpa, Okla., before the case was finally determined in Oklahoma City. This matter was continued from the Oklahoma City docket of January 26, 1932, to July 22, 1932, at Sapulpa. It was at this hearing that the deposition of Dr. Reese was offered.

The objection urged before the inspector as shown by the record was upon the ground that the hearing was then being held in Sapulpa where the witness resided and that he was available for his personal history. The rules governing the receiving of evidence before the State Industrial Commission are not rigid rules, but the Commission is afforded great latitude in the taking of testimony. There is nothing in the record to show that Dr. Reese was in the county of Creek at the time of taking said depositions. Counsel had stipulated under their agreement that objections to questions asked and answered might be made at the time of the trial. This objection urged by petitioners goes to the deposition as a whole. We know of no rea-

son why petitioners could not have caused the attendance of Dr. Reese for further cross-examination had they desired to do so. We find no error in the admission of said deposition.

Petitioners contend under proposition 2 that respondent has failed to show a change in condition attributable to the original injury sustained since the award of January 4, 1930, and urge that respondent's disability is result of tuberculosis and syphilis, which cannot be caused or brought on by trauma or injury. Respondent is entitled to an award for permanent total disability if such disability is attributable to the original injury without alleging or proving a change of condition. We have announced this rule many times. Under the prior award of January 4, 1930, the Commission found that respondent sustained an accidental personal injury arising out of and in the course of his employment on March 1, 1929; that such injury resulted in respondent being temporarily totally disabled from March 1, 1929, until December 17, 1929, at which time the healing period had terminated. The Commission further found that respondent had sustained as a result of said injury a permanent partial loss of the use of his left foot to the extent of 50 per cent. When this court directed a dismissal of petitioners' petition to review said order of the Commission upon petitioners' application to this court said order of the Commission became final and the findings made by the Commission in said order as to respondent being temporarily totally disabled, and that he had sustained a permanent partial disability to his left foot to the extent of 50 per cent., became final and conclusive upon the parties herein. It does not seem to be denied that at the time of the hearing on October 25, 1932, the disability of respondent was permanent total. If such condition existed due to the original injury, it was the duty of the Commission to award compensation for such disability irrespective of any former award for temporary total, permanent partial, or temporary partial disability. There is expert medical testimony in the record to sustain the award for permanent total disability attributable to the original injury.

We find no merit to petitioners' third proposition. The Industrial Commission awarded respondent compensation for $2,073 in its award of January 4, 1930. That award became final and binding upon the parties herein. Any compromise or agreement entered into between employer and employee under the Workmen's Compensa-

tion Law in reference to the payment of claims for compensation must have the approval of the State Industrial Commission. This court cannot settle claims of an employee for compensation. The proper place to submit agreements and stipulations involving the compensation to be paid under the provisions of the Workmen's Compensation Law is with the State Industrial Commission. Section 13360, O. S. 1931, provides:

"The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this act."

Section 13371, O. S. 1931, provides:

"No agreement by an employee to waive his right to compensation under this act should be valid."

The aforesaid agreement was not binding upon respondent.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.