## SUTHERLAND LUMBER CO. et al. v. ROBERTS et al.

No. 24809. March 20, 1934.

Rehearing Denied April 10, 1934.

Pierce, Follens & Rucker, for petitioners.

Hammer & Parmenter, for respondents.

McNEILL, J. Petitioners, employer and insurance carrier, by an original proceeding, seek to have this court review an award, adverse to them, made by the State Industrial Commission in favor of the employee, upon the sole ground that the findings of fact made by the Commission are not supported by the evidence.

It appears that the employee, respondent herein, had been employed by the Sutherland Lumber Company, petitioner, for approximately six years prior to the time of his injury on November 16, 1932. During the last three years, respondent had been continuously working with a truck. At the time of the injury, he was lifting a sack of sand weighing about 100 pounds. In his own language he described the incident as follows:

"Well, I put this sack of sand on top of a load of lumber on a truck that was higher

than my head and it just knocked me blind for a few minutes."

Respondent contends that he strained his back, and as result thereof has sustained temporary total disability. He was furnished medical attention from November 21, 1932, to March 20, 1933. On March 20th he returned to work for his employer, and continued at lighter work until April 4, 1933, at which time he returned to his home and was confined to his bed from that time until the hearing before the Industrial Commission on May 4, 1933.

Petitioners paid compensation for temporary total disability at the rate of $8 per week for a period of 14 weeks and five days. The Commission found:

"That by reason of said accidental injury, claimant was temporarily totally disabled from the date of the injury November 16, 1932, less five days, to March 20, 1933, at which time he went back to work and tried to work at light work, and worked until April 4, 1933, at which time he became temporarily totally disabled again, it being necessary for him to return to his bed, and is so temporarily totally disabled at this time, and in need of further medical treatment."

Respondent was a man about 39 years of age, weighing approximately 172 pounds, strong, healthy, able-bodied, and had never experienced any accident or trouble with his back, or any part of his body prior to the time of the accident in question.

It appears to be the theory of petitioners that the testimony of respondent was competent only to show that he had an injury, and that there was no visible or outward sign to show that his complaints, from which he was suffering at the time of the hearing, would naturally flow from the alleged injury, and that the medical testimony shows that the disability is not the result of the injury. The petitioners conclude that there were no objective symptoms to sustain the contentions of respondent; that respondent's disability can only be determined by the nature and skill of medical experts.

Medical testimony based on employee's statement at the time of examination in compensation cases, though not made for the purpose of treatment, is competent. Quality Ice Cream Co. v. Jones, 155 Okla. 197, 8 P. (2d) 751; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P. (2d) 420, and cases cited therein.

We have examined the record and conclude that there is ample competent evidence to sustain the award of the Commission.

Award affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and BUSBY, JJ., concur.