### YELLOW CAB TRANSIT CO. et al. v. BETHEL.

No. 28384. June 28, 1938.

Rogers, Stephenson & Dickason, for plaintiffs in error.

Walker & Lewis and Willis D. Smith, for defendant in error.

CORN J. This is an action for damages for personal injuries.

The plaintiff in the court below recovered a verdict and judgment for the sum of $3,500, from which the defendants appealed. The parties are referred to herein in the order of their appearance in the trial court.

The injuries complained of were sustained in an acident upon a public highway, which is alleged to have happened as follows: The car in which the plaintiff was riding met a large truck of the defendant transit company, driven by Guy Hartley, an employee of the company, and the truck was over the center line of the pavement on the wrong side of the road so far as to crowd the car off the pavement onto the shoulder of the road grade and into the ditch, the car overturning and the plaintiff sustaining a fractured skull and other injuries.

The defendants first contend that the court erred in refusing to exclude from the jury the testimony of Dr. Schwab.

It appears that Dr. Schwab examined the plaintiff, not for the purpose of administering treatment, but rather for the purpose of qualifying himself to testify as a witness on behalf of the plaintiff, and the court permitted him to testify as to opinions based upon the history of the case as given by the plaintiff. In many jurisdictions such evidence is excluded as self-serving declarations and the physician is permitted to testify only to objective symptoms disclosed by his examination of the injured person, but in this state the contrary rule prevails St. Louis & S F. R. Co. v. McFall, 63 Okla. 124, 163 P. 269; Quality Ice Cream Co. v. Jones, 155 Okla. 197. 8 P.2d 751; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P 2d 420; and Sutherland Lumber Co. v. Roberts, 167 Okla. 646, 31 P.2d 581.

In the McFall Case, supra, in paragraph 4 of the syllabus, we held:

"A physician who has examined the patient (so far after the accident that his statements to the physician cannot be said to be a part of the res gestae) for the purpose of testifying as an expert can base his opinion on the subjective, together with the objective, symptoms of the patient, relying on a history of the case, including the fact of the accident, as a circumstance upon which he came to his conclusion."

In the Jones Case, supra, in paragraph 3 of the syllabus, we held:

"The testimony of physicians as to medical conclusions based, in part, on statements made by a patient at the time of the examination by the physician, are not incompetent, irrelevant and immaterial, and may be considered by the State Industrial Commission, although they are not entitled to the weight and credence given to conclusions based on a history given by the patient at the time of the injury or for the purpose of procuring medical treatment."

In cases where the physician who treated the plaintiff for the injuries at the time is unable to testify on account of illness, or unavailability from other reasons, it would work a great hardship upon the plaintiff to exclude the testimony of a physician making an examination for the purpose of testifying for the plaintiff at the trial of the cause That was the situation in the instant case. Dr. Reese, who treated the plaintiff for the injuries at the time, was unable to testify on account of illness.

Dr. Schwab not only testified to subjective symptoms, but also to objective symptoms, and it was made clear to the jury that he was testifying in part, from history of the case given him by the plaintiff just before the trial, and why the attending physician was not available as a witness. Thus the jury was placed on guard against possible deception and was able to give proper weight and credence to the testimony given. Dr. Levy, the X-ray expert, also testified to objective symptoms.

The defendant assigns as reversible error the failure of the court to declare a mistrial on account of statements made to the jury by counsel for plaintiff in his closing argument, which the defendant contends were prejudicial; and also that the court erred in not granting a new trial because of excessive damages awarded the plaintiff through passion and prejudice.

We have examined the statements objected to by the defendant, and while we cannot say that the argument of counsel

was in all respects a model, yet we do not think that it was such an offense against the right of a fair trial as to warrant a reversal of the judgment. Taking into consideration the nature of the injury and the resulting impairment of the plaintiff's health and usefulness, we do not consider the amount awarded as excessive, and therefore it could not have been arrived at through passion and prejudice.

In the case of Yellow Cab Operating Co v. Spelce, 177 Okla. 571, 61 P.2d 672, in paragraph 4 of the syllabus, we held:

"Where there is evidence to sustain the verdict, as to the amount, and nothing appears in the record tending to show that the minds of the jury were inflamed so as to induce the belief that the jury was actuated by passion, prejudice, partiality, or corruption, the verdict will not be set aside, upon appeal, as 'excessive.'"

This rule has been adhered to in a long line of decisions by this court

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON and HURST, JJ., concur. OSBORN, C. J., and DAVISON, JJ., absent.