## OKLAHOMA RAILWAY CO. v. VOSS et al.

No. 29238. July 2, 1940.

Rehearing Denied Sept. 10, 1940.

*105 P. 2d 218.*

Earl Pruet and Hayes, Richardson, Shartel & Gilliland, all of Oklahoma City, for petitioners.

A. J. Follens and Herber C. Leney, both of Oklahoma City, for respondent.

DAVISON, J. This is an original action presenting to this court for review an order and award of the State Industrial Commission.

The order was entered on the 24th day of March, 1939, awarding the claimant compensation for temporary total disability attributed by the commission to an accidental injury found to have been sustained by the claimant on the 23rd day of July, 1938.

On that date the claimant, W. E. Voss (who is a party to this action in person and through Mrs. Minnie Voss, the guardian of his person and estate), was in the employ of the Oklahoma Railway Company. He was sitting in his office, and immediately after making a telephone call leaned back in the chair in which he was sitting. The chair tumbled over backward and he fell, striking his head on the cement floor. Thereafter he suffered from a mental disability which was evidenced by confusion of his mind.

The employer, petitioner herein, asserts the insufficiency of the evidence to establish that the disability sustained resulted from the accidental injury.

A type of disability is here presented which requires the testimony of skilled and professional men to determine the cause and extent thereof, thus necessitating the production of such testimony as the basis of determining the question of fact involved. Pine Valley Lumber Co. et al. v. Robinson et al., 182 Okla. 234, 76 P. 2d 1048; Southern Ice & Utilities Co. v. Barra et al., 182 Okla. 214, 77 P. 2d 55; McCawley et al. v. Crane et al., 184 Okla. 64, 85 P. 2d 423. On this point the testimony of three physicians, two of them specialists in neurology, was produced.

Two of the experts were of the opinion that claimant's disability was due to a hardening of the arteries of the brain (medically referred to as cerebral arteriosclerosis). They entertained the opinion that the disability was not connected with or attributable to the accident, although one of them (a neurologist) conceded the possibility that a pre-existing and more or less dormant condition might have been aggravated by the fall.

The other expert (a neurologist) entertained the view that the disability was

due to a concussion of the brain attributable to the fall from the chair.

It appears from the testimony that the opinion evidence was based upon consideration of the symptoms of the claimant as determined upon examination, together with the history of the disability. This constitutes a proper basis for expert testimony. Bartlett-Collins Glass Co. et al. v. Washabaugh et al., 166 Okla. 90, 26 P. 2d 420; Yellow Cab Transit Co. v. Bethel, 183 Okla. 219, 81 P. 2d 667. No physical factor was found or ascertained which necessarily precluded either conclusion.

The conclusions of the experts, being in conflict, presented a disputed question of fact for the determination of the commission. Keck et al. v. Wilson et al., 184 Okla. 138, 85 P. 2d 757. The question of fact thus presented was decided by the commission in favor of the claimant, and the decision thus rendered, being nonjurisdictional and being supported by competent evidence, is not subject to redetermination by this court.

The petitioner also contends that the "State Industrial Commission had no jurisdiction of the case" for the following reasons:

"(a)   That claimant was not required as a part of his duties to perform any manual or mechanical work or labor; and (b) at the time of his fall, he was not engaged in any hazardous employment, for which reasons his employment was not covered by the Workmen's Compensation Act."

In connection with this contention it appears from the record that the claimant was a master mechanic for the petitioner, a street car company; that he had been employed by the company in that capacity for a period of over 20 years; that he supervised men working in the shops of the employer where power-driven machinery was used; and that in connection with his work of supervisor he occasionally performed or assisted in the performance of manual or mechanical tasks. Many of these tasks could have been arbitrarily avoided by the claim-

ant had he chosen to avoid them. Nevertheless, they were in a large measure necessary to the proper performance of his general duties and, as the Industrial Commission is deemed to have found, were more than casual.

The fact that the claimant was an employee of the respondent and performed work and labor in connection with and as a part of his employment in a shop where power-driven machinery was used classifies the employment in such a way as to bring the same within the provisions of the act. Sunshine Food Stores et al. v. Moorehead et al., 153 Okla. 301, 5 P. 2d 1066 (and authorities therein reviewed). See, also, Lee Way Stage Lines et al. v. Simmons, 166 Okla. 203, 26 P. 2d 905.

The fact that the injury did not actually occur in the workshop or enclosure where the power-driven machinery was installed did not render the disability noncompensable. Gooldy et al. v. Lawson et al., 155 Okla. 259, 9 P. 2d 22; Ft. Smith Aircraft Co. v. State Industrial Commission et al., 151 Okla. 67, 1 P. 2d 682. Nor does the fact that the claimant at the instant of the injury had come iin to the office to place a phone call, and was therefore at the instant performing a duty of a simple nature at a point where no power-driven machinery was used, deprive him of the right of compensation. As we said in Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okla. 246, 68 P. 2d 846, at page 248:

" * * * To say that an employee engaged in hazardous employment as defined by the Workmen's Compensation Law can be deprived of the protection of the act merely because at the moment he may be performing some duty of a simple nature or at a point where there is no machinery would be to defeat the entire purpose of the act and to render nugatory its beneficent provisions. * * *"

Notice, also, Ft. Smith Aircraft Co. v. State Industrial Commission et al., supra.

It should be noticed in this connection that claimant was not employed in two capacities, one hazardous, the other nonhazardous, as is contended by the petitioners. On the contrary, his employ-

624

ment was of one general class which included some tasks, such as periodical attention to incidental office duties, including the use of the telephone, which were not inherently hazardous. This characteristic of his employment did not render his injury noncompensable. Wilson & Co., Inc., of Oklahoma v. Musgrave, supra.

It is next urged that the accident did not arise out of and in the course of claimant's employment. And in this connection it is pointed out that the claimant had, prior to arrival at the office, been at the home of a friend who had died. Petitioner would have us indulge the presumption that even though he had come to his regular place of employment, he had not done so for the purpose of entering upon the duties of the employment. There is no evidence establishing the asserted fact, and we will not so presume.

The petitioner also contends in this connection that the fall was a result of a "seizure," that is, fainting or similar physical difficulty. There is some evidence which tends by inference to support the view, but, on the contrary, there is evidence to the effect that claimant tilted his chair a little too far back, thus precipitating the fall. The situation is somewhat analogous to that presented in New York Life Insurance Co. v. Riggins, 178 Okla. 36, 61 P. 2d 543, where the question was whether an insured died from heart disease or from scalding in a bath tub. We therein held that, although not entirely free from speculation or uncertainty, the question was one of fact.

Thus in this case, as in that case, the disputed question of fact has been decided by the fact-finding body adversely to the contention of the petitioner upon evidence from which conflicting inferences can be drawn. That determination will not be disturbed by this court.

No sound legal reason for vacating the award of the commission having been shown, the same is approved. Affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.