## SMITH
v.
## CHAP–TAN DRILLING CO. et al.
### No. 35614.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Murphy & Booth, Oklahoma City, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

On the 8th day of December, 1951, J. F. Smith, petitioner herein, filed a claim for compensation with the State Industrial Commission against his employer, Chap-Tan Drilling Company, and its insurance carrier in which he states that on the 25th day of July, 1951, while in the employ of the drilling company he sustained an injury to his head, face, right arm and left leg resulting in some permanent disability to his person. He states the accident was caused by falling from the rig floor where he was working as a roughneck. He later filed an amendment to the claim in which he claimed an injury to his back as the result of the accident.

The case was assigned to a trial commissioner for a hearing who, at the close of the evidence, found that on July 25, 1951,

petitioner, while in the employ of respondent drilling company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his right arm below the elbow, the left leg and a cut over the left eyelid; that as a result thereof he was temporarily totally disabled for a period of three weeks for which he was awarded compensation at the rate of $25 per week or a total sum of $75. The commissioner further found that petitioner has a 30 per cent permanent partial disability to his right hand; that 10 per cent thereof was pre-existing and as the result of the injury of July 25, 1951, he has a 20 per cent permanent partial disability to the left hand (evidence shows right hand) for which he is entitled to compensation for 40 weeks at $25 per week or the sum of $1,000 and awarded him compensation accordingly. The commissioner further found that petitioner did not sustain an accidental personal injury to his back and his claim therefore should be and is denied.

Petitioner brings the case here to review this award. His first contention is that there is a total lack of evidence to sustain the finding of the Commission that he did not sustain an accidental injury to his back as the result of the accident occurring on July 25, 1951.

Petitioner in substance testified: On July 25, 1951, he was working for the drilling company. He was working on the rig floor. He was engaged in running a cathead rope. He slipped and fell from the floor, a distance of about 10 or 12 feet. He hurt his right arm and left leg as a result of the fall. About 30 days thereafter he felt a pain in his back. At times it was very severe and the pain still exists. He was sent to different physicians who examined him. He was first examined by an osteopath Dr. H. The doctor testified that petitioner complained about pain in his right arm and left leg as the result of an accident occurring when he fell from the rig floor. He X-rayed the arm and found a fracture of the radius and sent him to Dr. J at Ardmore, an orthopedic surgeon who treated the arm. He again saw petitioner on July 30th. He noticed petitioner's arm was not in a cast and petitioner informed him that the doctor to whom he was sent said the arm was not fractured; he then advised petitioner to see Dr. R in Oklahoma City. He again saw petitioner on the 21st day of December, 1951. He then complained for the first time of pain in his back. He X-rayed the back and the X-ray films disclose a narrowing of the inter spaces between L-2 and L-3 with severe arthritic changes and expressed the opinion that petitioner had an injury to the lower back at the time of the accident.

Dr. J, physician at Ardmore, testified that he examined petitioner on July 26, 1951. He obtained a history of the case from petitioner substantially as testified to by him. An examination revealed that the right hand is the major injury. An X-ray of the hand revealed an old fracture of the radius with a new fracture superimposed. He treated the hand and discharged petitioner August 9th but has seen him periodically since. The doctor expressed the opinion that petitioner has a permanent partial disability of 20 per cent to the right hand but found no evidence of an injury to his back.

Dr. R examined petitioner on January 14, 1952, and again on May 20, 1952. In his report of January 14th the doctor states:

"Examination: Of the back reveals no evidence of external injury or deformity to account for his subjective symptoms. He complains of tenderness over the entire lower back, principally to the side but we are unable to find any objective evidence or injury."

In his report of May 20th the Doctor states:

"As far as disability to his back is concerned, we found no evidence of injury although he did have some arthritis of the lumbo-sacral joint which was not caused by injury."

Several other physicians who examined petitioner and filed reports in the case stated in the reports that they found no evidence of an injury to petitioner's back; that he had sustained an injury to his right hand but do not express any opinion

as to the disability resulting from the injury.

■ We think this evidence sufficient to sustain the finding of the Commission that petitioner did not sustain an accidental injury to his back as the result of the accident occurring on July 25, 1951.

It is further contended by petitioner that there is no competent evidence to sustain the finding of the Commission that 10 per cent of the 30 per cent disability found to exist to petitioner's right hand was due to a pre-existing injury and that the Commission should therefore have awarded him compensation for 30 per cent disability to the hand instead of 20 per cent.

In this respect petitioner testified that he had sustained a prior injury and disability to his right hand and that the hand healed but was left in a deformed condition; that he made a claim for compensation for such injury; that he was allowed compensation by the Commission for such injury but he did not remember the amount thereof.

In a report filed by Dr. F on February 26, 1952, the doctor states that petitioner stated that he was working on the Red River Dam and sustained a fracture of his right radius; that this healed with deformity and that he received compensation on the basis of approximately 10 per cent permanent partial disability of his right hand from the Commission for this injury. He further stated that an X-ray examination of petitioner's right forearm reveals that petitioner has had an old fracture of the radius which is healed well by bone in a slight volar angulation deformity at the fracture site. In addition to this it is noted that the petitioner has had an operative procedure which resulted in the removal of the styloid process from the right wrist. The doctor concluded that petitioner apparently had a previous disability of his right hand which amounted to 10 per cent of the hand and the petitioner had a re-injury which had increased his disability to 20 per cent of the hand. This represents an additional increase of 10 per cent of the hand over and above the previous disability which the petitioner had with this member; that he found no evidence of a back injury sustained by petitioner as the result of the accident.

■ It is contended by respondents that the doctor based his opinion of a 10 per cent injury to the hand as the result of a prior accident solely upon the statement made by petitioner that he was awarded compensation for such injury and was not based on information obtained from an examination of the hand and was therefore insufficient upon which to sustain the finding of the Commission. We do not agree. The doctor's statement shows that his conclusion was based upon examination of the hand, the history of the case and statements and admissions made by petitioner. His evidence was competent and properly admitted. Sutherland Lumber Co. v. Roberts, 167 Okl. 646, 31 P.2d 581; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okl. 90, 26 P.2d 420. The credit and weight to be given his testimony was a question for the determination of the Commission. When the doctor's evidence is considered in connection with the testimony of petitioner we think it sufficient to sustain the challenged finding. Moreover, three physicians testified as to the disability sustained by petitioner to his right hand as the result of the July 25, 1951, accident. One of these physicians fixed the disability at 35 per cent to the hand, another fixed the disability at 20 per cent to the hand and the third fixed the disability at 10 per cent to the hand. The Commission awarded compensation on the basis of 20 per cent disability to the hand. Should we therefore sustain the contention of respondents and discard the testimony of Dr. F as being incompetent and without probative value the evidence nevertheless would be sufficient to sustain the finding of the Commission that petitioner as the result of the accident occurring on July 25, 1951, sustained a 20 per cent disability to his right hand.

Award sustained