CENTRAL SURETY AND INSURANCE COMPANY and Floyd Myers Construction Company, Petitioners,

v.

Frankie Allen GORE, Leo Gore, Grace Lavern Gore, B. E. Harkey and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36751.

Supreme Court of Oklahoma.

July 12, 1955.

Brown, Brown & Brown, McAlester, for plaintiffs in error.

Layden & Layden, McAlester, for defendant in error.

J. I. Gibson, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for petitioners.

B. E. Harkey, Don Anderson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On July 16, 1954, Frankie Allen Gore filed her claim for compensation seeking an award under the Death Benefit Provision of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and after complete hearings an award was entered under date of December 10, 1954, for the amount of $13,500 for claimant and other named dependents. This proceeding is brought by Floyd Myers Construction Company and Central Surety and Insurance Company, its insurance carrier, to review the award.

■ The record discloses that on the 28th day of June, 1954, Elbert Walter Gore, hereinafter called deceased, fell from the roof of a dwelling house on which he was working. Following the fall he died in a hospital in Oklahoma City, July 1, 1954. He was sitting on the roof shortly after noon and was seen to fall backward through an opening in the roof. He fell thirteen feet to the floor of the dwelling. He broke nine ribs and sustained a brain concussion as a result of the fall. Four physicians filed reports or testified. All agreed that he died as a result of a stroke caused by the clotting of the arteries of the brain. Dr. S, who performed an autopsy, testified that the stroke caused the death and discounted the fall as a contributing factor. Dr. M filed a report stating that deceased died as a result of the stroke which caused the fall. Dr. R filed a report and Dr. T testified for claimant. This report, together with the testimony of Dr. T, is to the effect that the fall aggravated and contributed to the stroke, and from this testimony the State Industrial Commission was authorized to find that deceased died from an accidental injury arising out of and in the course of his employment.

Petitioners cite Rozek's case, 294 Mass. 205, 200 N.E. 903; Van Gorder v. Packard Motorcar Co., 195 Mich. 588, 162 N.W. 107, L.R.A.1917E, 522, and Cox v. Kansas City Refining Co., 108 Kan. 320, 195 P. 863, 19 A.L.R. 90. These cases are distinguishable from the case at bar. Therein the admitted fact that a disease or affliction caused the fall is discussed in determining the liability. In the case under consideration there is a disputed question of fact as to what caused the fall and when the thrombosis occurred. In Oklahoma Ry. Co. v. Voss, 187 Okl. 622, 105 P.2d 218, 219, this court considered a similar question. Therein it is stated:

"Two of the experts were of the opinion that claimant's disability was due to a hardening of the arteries of the brain (medically referred to as cerebral arteriosclerosis). They entertained the opinion that the disability was not connected with or attributable to the accident although one of them (a neurologist) conceded the possibility that a pre-existing and more or less dormant condition might have been aggravated by the fall.

"The other expert (a neurologist) entertained the view that the disability was due to a concussion of the brain attributable to the fall from the chair.

"It appears from the testimony that the opinion evidence was based upon consideration of the symptoms of the claimant as determined upon examination together with the history of the disability. This constitutes a proper basis for expert testimony. Bartlett-Collins Glass Co. et al. v. Washabaugh

et al., 166 Okl. 90, 26 P.2d 420; Yellow Cab Transit Co. v. Bethel, 183 Okl. 219, 81 P.2d 667. No physical factor was found or ascertained which necessarily precluded either conclusion."

■ There was a disputed question of fact to be determined by the State Industrial Commission and there being competent evidence to support its finding an award based thereon will not be disturbed on review.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and HALLEY, JJ., concur.