TULSA FROZEN FOODS COMPANY and Iowa Mutual Insurance Company, Petitioners,

v.

Melba PENDERGRAFT, In the Matter of the Death of Eules Herbert Pendergraft and the State Industrial Commission, Respondents.

No. 37737.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Allen & Allen, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Melba Pendergraft, widow of Eules Herbert Pendergraft, obtained an award under the death benefit provisions of the Workmen's Compensation Act. This proceeding is brought by Tulsa Frozen Foods Company and its insurance carrier to review the award. Petitioners present two propositions paraphrased as follows:

(1) Claimant failed to prove an accidental personal injury resulting in death.

(2) Even if an accidental personal injury was proven, such injury did not arise out of the deceased's employment.

On the date of his death, the deceased, Eules Herbert Pendergraft, was employed by Tulsa Frozen Foods Company as a butcher and assistant store manager. In the late afternoon of said date he went to the rear of the store for the purpose

of getting a roll of wrapping paper. The paper was kept in the rear of the store on a shelf approximately 10 ft. high so that it could be reached only by means of a ladder. A ladder was kept in the hallway outside the room where the paper was stored. Deceased was gone longer than was expected and Mr. Capers, a fellow employee, went to the rear of the store to investigate. He found the deceased lying on the floor unconscious, with one foot on the ladder and the roll of wrapping paper near his hand. Blood was oozing from a wound in the back of the head. Death occurred shortly thereafter at the hospital.

The concrete floor on which the deceased was lying was slick and partially covered with beef tallow.

All the witnesses testified that this particular paper was stored in only the one place and could only be reached by means of a ladder.

The store manager testifying for the employer and insurance carrier stated that on one. occasion deceased told witness of a heart attack and blackout sustained by deceased approximately one year prior to the injury and death here involved.

Dr. F examined the deceased at the hospital and recommended an autopsy which was performed and a written report thereof introduced in evidence.

Dr. F testified that in his opinion the deceased died as a result of a blow to the back of the head which produced a cerebral hemorrhage.

He further testified that in his opinion the deceased fell from a height as indicated by the degree of trauma revealed in the autopsy.

Under petitioners' first proposition it is argued that the proof failed to show an accidental injury. In this connection the medical testimony was clearly sufficient to show that death resulted from a blow to the head. The evidence clearly shows that the blow was received as a result of an accidental fall of some nature. If so, the fall was the accident.

Dr. F did testify that there was a slight possibility that death resulted from a spontaneous brain hemorrhage preceding the fall but that this possibility was so slight it should be disregarded from the medical standpoint.

In petitioners' second proposition it is contended that even if the evidence was sufficient to show an accidental injury there is no evidence that such injury arose *out* of the employment. It is argued that if the fall was caused by a blackout or loss of consciousness unconnected with the employment, then in that event the injury did not result from a risk reasonably incident to the employment but from causes wholly unrelated to the employment; in that such blackout could have occurred at home or any other place with the same results. Petitioners cite as authority Marion Machine Foundry & Supply Co. v. Redd, 115 Okl. 30, 241 P. 175, in which this court held that one who sustained burns upon falling into a fire as a result of a proved epileptic attack did not sustain an injury arising out of his employment.

We need not determine if the cited case is an accurate statement of the law. In the present case it is our opinion that there is sufficient evidence to authorize a finding that the fall was caused by accidental means.

The Dr. did testify that it was impossible to determine from the medical evidence whether the deceased blacked out prior to the fall or as to what in fact caused the fall. Petitioners contend that this precludes recovery. We do not agree. The reason for the fall is not a fact which must be established by medical evidence. It could be established by circumstantial evidence alone. In Marby Construction Co. v. Mitchell, Okl., 288 P.2d 1108, 1109, it is held in the first paragraph of the syllabus:

"In establishing his right to workmen's compensation benefits a claimant is not restricted to direct evidence but may also use circumstantial evidence that is not so certain as to exclude

every reasonable conclusion other than the one arrived at by the trial tribunal."

The fact that the deceased fell, whether from the ladder or while standing on the floor, is some circumstantial evidence of the fact that the fall was accidental and occasioned by an external cause as opposed to an internal cause. This is as reasonable as any other conclusion. Therefore, even if the rule announced in the Marion Machine case is an accurate statement of the law, in the absence of medical testimony to the contrary the Commission was authorized to find that the fall and resulting injury arose out of the employment even though the circumstantial evidence of such fact was not so certain as to exclude other reasonable conclusions.

The fact that it was medically impossible to determine the precise reason for the fall, together with the fact that there was no other person present at the time of said fall, points up the fallacy in the argument that such reason must be established by direct evidence in all cases. If petitioners' theory were adopted in a death case it would unreasonably penalize the dependents of an employee who was forced by the nature of his employment to work alone. Central Surety and Insurance Co. v. Gore, Okl., 285 P.2d 1044, 1045, involved a similar fact situation in that the deceased had fallen from a roof on which he was working. In the body of the opinion the court said:

> "Four physicians filed reports or testified. All agreed that he died as a result of a stroke caused by the clotting of the arteries of the brain. Dr. S, who performed an autopsy, testified that the stroke caused the death and discounted the fall as a contributing factor. Dr. M filed a report stating that deceased died as a result of the stroke which caused the fall. Dr. R filed a report and Dr. T testified for claimant. This report, together with the testimony of Dr. T, is to the effect that the fall aggravated and contributed to the stroke, and from this testimony the State Industrial Commission was au-

thorized to find that deceased died from an accidental injury arising out of and in the course of his employment.

> "Petitioners cite * * *. These cases are distinguishable from the case at bar. Therein the admitted fact that a disease or affliction caused the fall is discussed in determining the liability. In the case under consideration there is a disputed question of fact as to what caused the fall and when the thrombosis occurred."

In our opinion there was competent evidence to support the Commission's findings and the award based thereon.

Award sustained.

WELCH, C. J., CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.