**ANDERSON–PRICHARD OIL COMPANY, a Corporation, and Aetna Casualty and Surety Company, a Corporation, Petitioners,**

v.

**Mabel Alice FLOYD and State Industrial Commission, Respondents.**

No. 38362.

Supreme Court of Oklahoma.

June 16, 1959.

Ross & Holtzendorff, Oklahoma City, for petitioners.

Clay Wise, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Mabel Alice Floyd, hereinafter called claimant, widow of William Luther Floyd, hereinafter called employee, obtained an award under the Death Benefit Provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. This proceeding is brought by Anderson-Prichard Oil Company, employer, and its insurance carrier, Aetna Casualty and Surety Company, a corporation, hereinafter called petitioners to review the award.

The record discloses the employee was a driver of a transport truck and trailer engaged in hauling gasoline from Cyril, Oklahoma, to Oklahoma City. He was fifty-eight years of age. On the morning of November 23, 1957, he was found in his overturned truck approximately five miles southwest of Chickasha on Highway 277. He was brought to a hospital in Chickasha at approximately 5:45 a. m. of this same day. He died at 7:35 p. m. November 25, 1957. An autopsy performed by Dr. S and introduced in evidence revealed that he died of ruptured aneurysm of the middle cerebral artery or cerebral hemorrhage. When he entered the hospital there was a slight cut on one hand requiring the application of a band aid. Claimant testified when she reached her husband at approximately 8:30 a. m. on the morning of the 23rd of November, in helping the nurse she observed his elbows were bruised and scratched and there were one or two cut places on his head and a knot on his forehead on the left side. The night nurse also testified employee had a bruise on his forehead.

The truck traveled two hundred feet on a shoulder of the highway and one hundred feet off the shoulder into a barrow pit. The windshield was cracked on the driver's side. The left door was bent and its glass broken. The truck was towed to Chickasha and serviced and driven under its own power to Oklahoma City. At the time of the wreck the truck was loaded with 5,598 gallons of gasoline. There were no eye witnesses to the wreck.

The petitioners present the assignments of error in five propositions which shall be discussed in two general propositions.

It is first argued that death from a ruptured brain aneurysm is not an accidental injury. We have considered accidental injuries caused by brain injuries in several cases. In Oklahoma Railway Co. v. Voss, 187 Okl. 622, 105 P.2d 218, an award was sustained where claimant fell from a chair injuring his brain. In Central Surety & Insurance Company v. Gore, Okl., 285 P.2d 1044, we sustained an award for death where a workman fell from the roof of a building. The death was caused from injury to the brain. In Baash-Ross Tool Co. v. State Industrial Commission, Okl., 289

P.2d 659, an award was sustained where the employee died of a brain tumor. In Tulsa Frozen Foods Co. v. Pendergraft, Okl., 317 P.2d 1115, an award was sustained where the death of the employee resulted from a cerebral hemorrhage. In each of these cases it was argued the brain injury was not caused by an accidental injury arising out of and in the course of the employment.

■ In Special Indemnity Fund v. Mc-Fee, 200 Okl. 288, 193 P.2d 301, an award was sustained where strain caused a hemorrhage to the eye and there was a loss of the eye. We therefore hold that if the evidence is sufficient to show that the employment caused a cerebral hemorrhage this constitutes an accidental injury within the meaning of the Workmen's Compensation Act.

■ Finally, it is argued there is no competent evidence that the work of the employee caused the cerebral hemorrhage and the resulting death. Dr. S performed the autopsy above referred to and the doctor who attended the employee prior to his death testified. Both gave it as their opinion that the ruptured aneurysm occurred before the employee drove his truck off the shoulder and off the highway. Dr. R testified for claimant and gave it as his opinion that an aneurysm can be ruptured because of stress or strain, or fear or a sudden emotional disturbance and that it is just as probable that this, or trauma, caused the rupture of the aneurysm. On frequent questions on cross-examination the doctor refused to alter this testimony. This constitutes a conflict in the medical evidence. As stated in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, this is a case that must be determined by medical evidence.

In Tulsa Frozen Foods Co. v. Pendergraft, supra, it is stated:

"Whether an injury arose out of the employment is a question of fact and may be proved by circumstantial evidence.

"A finding of the State Industrial Commission that the injury sustained by a workman constitutes an accidental injury and arose out of and in the course of his employment will not be disturbed on review where there is any competent evidence reasonably tending to support such finding."

In discussing the fact situation surrounding the death of employee in Central Surety and Insurance Co. v. Gore, supra [285 P.2d 1045], it is stated:

"* * * Four physicians filed reports or testified. All agreed that he died as a result of a stroke caused by the clotting of the arteries of the brain. Dr. S, who performed an autopsy, testified that the stroke caused the death and discounted the fall as a contributing factor. Dr. M filed a report stating that deceased died as a result of the stroke which caused the fall. Dr. R filed a report and Dr. T testified for claimant. This report, together with the testimony of Dr. T, is to the effect that the fall aggravated and contributed to the stroke, and from this testimony the State Industrial Commission was authorized to find that deceased died from an accidental injury arising out of and in the course of his employment."

In Marby Construction Co. v. Mitchell, Okl., 288 P.2d 1108, 1109, it is stated:

"Whether the death of an injured employee is the result of an accidental injury is a question of fact, and, where there is competent medical evidence that death resulted from the accidental injury, this court will not disturb an award made by the State Industrial Commission based thereon."

We hold there is competent evidence from which, under all the facts and circumstances the State Industrial Commission could determine that the death resulted from an accidental injury.

■ Petitioners argue the evidence of Dr. S and Dr. M is more persuasive than the evidence of Dr. R. In Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847, it is stated:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

There is competent evidence reasonably tending to support the finding that the death resulted from an accidental injury arising out of and in the course of the employment.

Award sustained.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., concurs in result.