SAFEWAY STORES, INC., and the Travelers Insurance Company, Petitioners,

v.

Juanita M. EVANS and the State Industrial Court, Respondents.

No. 39932.

Supreme Court of Oklahoma.

Nov. 13, 1962.

Sanders, McElroy & Whitten, Tulsa, for petitioners.

Bonds & Matthews, by Thomas R. Mason, A. Camp Bonds, Muskogee, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Juanita M. Evans, hereinafter called claimant, widow of James Edward Evans, hereinafter called employee, obtained an award under the death benefit provisions of the Workmen's Compensation Act, 85 O.S. 1961 § 22, subd. 7. This proceeding is brought by Safeway Stores, Inc. and its insurance carrier, Travelers Insurance Company, hereinafter called petitioners, to review the award.

The record discloses that the employee was a grocery clerk in a retail store of the employee at Muskogee, Oklahoma. Three fellow employees testified for claimant. The testimony discloses that on the morning of March 22, 1961, employee came to work at approximately 10:30. He assisted in unloading a truck of groceries and supplies until approximately 1:00 P.M. when he went home to lunch. The unloading in the morning consisted of moving cartons weighing up to 60 pounds. He returned at approximately 2:30 in the afternoon and began loading a four or six wheel dolly or cart for the purpose of stacking the groceries in the store for sale. These groceries were mostly glass containers and were in paper cartons weighing 25 to 35 pounds. Claimant testified, and it is not disputed, that employee was subject to severe headaches and had been subject to such headaches for several months. After the dolly or cart was practically loaded he was seen with his hands over or upon his eyes. He lost balance and had to be assisted to an automobile in which he was taken to a hospital in Muskogee. He died of a cerebral hemorrhage on March 24, 1961.

In two propositions petitioners argue there is no competent evidence reasonably tending to support the finding that the death was the result of an accidental injury arising out of and in the course of the employment. Only one medical expert gave testimony. This was in the form of a deposition given by Dr. H. He gave a history substantially as reported above and concluded that employee died as a result of the bursting of an aneurysm back of the eye and

this was occasioned by rising in blood pressure and stated that in his opinion it was due to the strain from the work done on March 22, 1961.

We have considered cases where disability was from head injuries resulting in cerebral hemorrhage or aneurysm. In Coline Oil Corp. v. Clark et al., 161 Okl. 195, 17 P.2d 372, we held that a disability resulting from cerebral hemorrhage constituted an accidental injury arising out of and in the course of employment. In Anderson-Prichard Oil Co. et al. v. Floyd et al., Okl., 340 P.2d 943, we held the evidence sufficient to sustain a finding that death resulting from an aneurysm was an accidental injury arising out of and in the course of the employment where employee was killed when his transport truck overturned. See, also, Boardman Co. et al. v. Eddy et al., Okl., 363 P.2d 821; Tulsa Frozen Foods Co. et al. v. Pendergraft et al., Okl., 317 P.2d 1115; Baash-Ross Tool Co. et al. v. State Industrial Commission et al., Okl., 289 P.2d 659; Central Surety & Ins. Co. et al. v. Gore et al., Okl., 285 P.2d 1044. In Special Indemnity Fund v. McFee et al., 200 Okl. 288, 193 P.2d 301, an award was sustained where strain caused an aneurysm to the eye resulting in the loss of the eye.

Petitioners state that the doctor did not assume a substantially correct history of the case because the doctor testified that claimant told him that employee came home at noon with a headache whereas the evidence is to the contrary. Petitioners cite Glaspey et al. v. Dickerson et al., Okl., 350 P.2d 939. That case is distinguishable from the case under consideration because Dr. H testified that regardless of whether employee came home with a headache the doctor was of the opinion that the death resulted from the work performed on the 22nd day of March, 1961. Dr. H was authorized to take into consideration all of the activities of the employee during the day. In Calhoun Construction Co. et al. v. Sexton et al., Okl., 288 P.2d 705, we stated that if there is evidence of a strain and medical evidence that the strain caused the disability this is

sufficient to support a finding that there has been an accidental injury.

Petitioners argue that nothing untoward or unusual occurred during the work of the employee and emphasizes the statements of the witnesses for employee that the employment that day consisted of the usual work of a grocery clerk. In Phillips Pipe Line Co. v. Brown et al., Okl., 301 P.2d 689, we stated that if the medical evidence disclosed that the physical effort in doing the work caused the disability, this constituted an accidental injury arising out of and in the course of the employment. In Safeway Stores, Inc. et al. v. Simons et al., Okl., 331 P.2d 934, we cited: Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; and Brentwood Egg Co. v. Coleman, Okl., 298 P.2d 437, and then stated:

> "In the above cases we held that an injury received by a workman consisting of a strain constitutes an accidental injury where it occurred while the employee was doing his work in the usual and ordinary manner in the performance of such work though nothing unusual occurred or happened to cause the strain."

Safeway Stores v. Simons, supra, was cited with approval in Ben Hur Coal Co. et al. v. Orum et al., Okl., 366 P.2d 919, wherein it is stated:

> "Question whether exertion from a particular physical effort was sufficient to produce a strain culminating in a heart condition is one of fact for the trial tribunal to determine from expert medical opinion based on relevant facts and circumstances adduced by proof."

In Marby Construction Co. et al. v. Mitchell, Okl., 288 P.2d 1108, it is stated:

> "Whether the death of an injured employee is the result of an accidental injury is a question of fact, and, where there is competent medical evidence that death resulted from the accidental in-

jury, this court will not disturb an award made by the State Industrial Commission based thereon."

There is competent evidence reasonably tending to support the finding that the death of the employee resulted from an accidental injury arising out of and in the course of the employment.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.