CIMARRON TELEPHONE CO. et al.
v. NANCE et al.

No. 35848.   June 2, 1953.

*255 P. 2d 931.*

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for petitioners.

Elder & Francis, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. On the 30th day of May, 1952, Ronald Ray Nance, deceased, was employed by the Cimarron Telephone Company and while engaged in a hazardous employment he sustained an accidental injury arising out of and in the course of his employment resulting in his death by electrocution. Deceased's father, Russell Nance, was in due time appointed administrator of his estate, and on August 12, 1952, filed a claim for compensation against Cimarron Telephone Company and its insurance carrier on behalf of himself and Rose Hunt Nance, his wife, whom he designated as dependents of deceased. Compensation is claimed under the provisions of Title 85, c. 2, S.L. 1951, pp. 267 to 270, inclusive. The claim was set

for hearing before a trial commissioner who, after hearing the evidence, found:

"That on May 30, 1952, Ronald Ray Nance, deceased, was in the employment of the respondent herein, said respondent being engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on May 30, 1952, Ronald Ray Nance received an accidental personal injury, arising out of and in the course of his employment with respondent herein when he was electrocuted and died immediately on May 30, 1952; that no compensation has been paid as a result of said injury.

"That the deceased, Ronald Ray Nance, was an unmarried man and that he left no surviving wife, no children or child of a deceased child, and that the sole survivors and dependents of the deceased were his mother and father, Russell Nance and Rose Hunt Nance.

"That Rose Hunt Nance and Russell Nance are hereby determined to be the dependents of Ronald Ray Nance, deceased, within the meaning of the Death Benefits Provision of the Workmen's Compensation Act of the State of Oklahoma and are entitled to receive the proportionate share of the $13,500.00 award, * * * "

Upon such findings he awarded compensation to claimants in the sum of $13,500 to be divided equally between them. The award was sustained on appeal to the commission en banc.

It is first contended by petitioners on appeal that the evidence is insufficient to sustain the finding of the commission that claimants were dependents of the deceased employee.

The evidence, in substance, shows that the deceased was 19 years of age at the time of his death. He was unmarried. He was employed by "Cimarron" on the 15th day of May, 1951, and continued in its employment until the date of his death. He was paid for his work 75 cents per hour for a 40-hour week and time-and-a-half for overtime. The evidence shows that during the period of time he worked for the company he received wages approximating $1,000, 60 per cent of which he contributed to the support of his parents. He made no cash contribution to them, but every two weeks after receiving his pay check he cashed it and paid 60 per cent thereof on his father's grocery bill. Deceased's father was in very poor health and unable to obtain regular employment. He did, however, occasionally work at odd jobs but his earnings were not sufficient to support himself and family. The above facts are established by the testimony of claimants and the grocer with whom the family traded.

We think this evidence sufficient to sustain the finding of the commission that claimants were dependents of deceased. It is true, as contended by petitioners, that they were not wholly dependent upon him for support, but it was not essential under the Act, supra, in order that they might be classified as dependents, to establish that they were wholly dependent upon him for support. It was sufficient for them to show that they were partially dependent upon him for support and that during his lifetime the deceased employee had made substantial contributions to their support. In 58 Am. Jur. p. 686, §163, it is said:

"A person may be a dependent of an employee within the purview of the statute although the dependence is only partial. * * * While according to the construction placed on the term 'dependent' by some of the courts, the applicant, in order to be entitled to compensation, must show that he or she was dependent upon the deceased employee for the 'ordinary necessaries of life,' in a majority of jurisdictions the view seems to have been accepted that dependency within the terms of the statute does not mean absolute dependency for the necessities of life, but rather that the applicant looked to and relied on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his or her social position and accustomed mode of life. * * * "

624

In Deemer Lumber Co. v. Hamilton, 211 Miss. 673, 52 So. 2d 634, the Supreme Court of Mississippi held:

"In a proceeding under Workman's Compensation Act by father who sought to recover compensation as dependent of son who was killed in accident arising out of scope of employment, wherein it appeared that father was able to do but little work and that son had contributed substantially to support of family, evidence sustained finding of commission that father had been dependent of deceased son."

In Tabor et ux. v. Industrial Acc. Fund (Mont.) 247 P. 2d 472, it is said:

"Under Workmen's Compensation Act, a 'dependent' need not be absolutely dependent upon the workman for the necessities of life but need only look to and rely on the contributions of the workman, in whole or in part, as a means of support and maintenance in accordance with his social position and accustomed mode of life."

See, also, annotations 100 A.L.R. 1106.

It is further contended by petitioners that since the evidence shows that claimants were only partially dependent upon deceased employee for their support, the commission was without authority to allow them the full compensation provided by the Act. Authorities from foreign jurisdictions are cited in support of this contention. These authorities are based upon statutes specifically distinguishing between total and partial dependency and fix the amount of compensation allowable based upon percentage of dependency. Our statutes contain no such provision. 85 O.S. 1951 §22, paragraph 7, provides:

"If the injury causes death within two (2) years from the date of the accident or, if the injury causes continuous disability and causes death within five (5) years from the date of accident, notice of which was given as provided in this Act, compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) and to the dependents of the deceased employee as defined herein."

It will be noted that the statute arbitrarily fixes the amount of compensation allowable to dependents of a deceased employee at $13,500. It makes no provision for proportioning the amount allowable based upon percentage of dependency. We, therefore, hold that claimants are entitled to recover full compensation allowed by the statute.

In Hershkowitz et al. v. Arizona Highway Department, 59 Ariz. 10, 121 P. 2d 879, the court said:

" * * * If the dependency is total and both parents survive, they are to receive forty per cent of the wages earned by the deceased. If the dependency is only partial, it makes no difference whether this partial support is ten or ninety per cent of the total support of the parent, the award is but fifteen per cent of the wages. It may be that the statute should proportion the award to the percentage of support, but it does not do so, and we can only enforce the law as it is written."

What is there said applies here.

Award sustained.

JOHNSON, V.C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.