**INDUSTRIAL CONST. CO. et al.**
**v.**
**STATE INDUSTRIAL COMMISSION et al.**
No. 35932.

Supreme Court of Oklahoma.
Feb. 9, 1954.

Russell B. Holloway, Crouch, Rhodes & Crowe, Oklahoma City, for petitioners.

Joe B. Thompson, Ardmore, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 17th day of July, 1952, William Brit Harvey was an employee of the Industrial Construction Company. The company was then engaged in the construction of a building at Lawton known as the Security Bank and Trust Company building. Mr. Harvey was assigned to work as a handy man on the third story of the building and while so engaged he fell from the building on a paved alley below, a distance of 42 feet, and as a result thereof sustained injuries from which he died en route to a hospital.

On August 29, 1952, Mrs. Hazel Harvey claiming to be the surviving wife of deceased and sole dependent filed a claim for compensation before the State Industrial Commission under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., against the construction company, employer of deceased, and its insurance carrier.

The record discloses that on May 27, 1933, Maggie Harvey (now Maggie Jones) and William Harvey were married and as a result of the marriage two children were born, one a daughter, Glynda, who was 18 years of age at the time of the death of Mr. Harvey, and a son, Walter Lee, who was then about 14 years of age. On March 20, 1952, Glynda was married and she and her husband are now living in the State of Florida. On October 14, 1947, Maggie Harvey obtained a divorce from her husband, now deceased, and in the decree was awarded custody of the two minor children with the right of visitation on the part of the deceased, the father. Mrs. Harvey thereafter married Henry Woodrow Jones who died on July 6, 1951. On September 12, 1952, Maggie Jones, as mother and next friend of the two children above mentioned filed a claim for compensation with the State Industrial Commission against the construction company and its insurance carrier in which she claimed the two children were the sole and only dependents of deceased.

Both claims were set for hearing before a trial commissioner at Oklahoma City on December 1, 1952. On that date the attorneys for Mrs. Hazel Harvey and Maggie Jones appeared and entered into a stipulation agreeing to continue the case until December 10, 1952, and agreed that it be set for hearing at Ardmore, Oklahoma.

On that day, a hearing was had on both claims before a trial commissioner. Neither Mrs. Hazel Harvey nor her attorneys appeared at the hearing and her attorneys by written withdrawal withdrew from the case. No evidence was offered in her behalf. There was, however, evidence offered on behalf of the other claimants tending to show that deceased and the party claiming to be Mrs. Hazel Harvey were never married. The Commissioner found that she was not a dependent of deceased and denied her claim for compensation. No appeal was taken by her from this order and she has apparently abandoned her claim. The trial commissioner further found that on

July 17, 1952, claimant's decedent, William Brit Harvey, while in the employ of petitioner herein sustained an accidental personal injury from which he died on July 17, 1952. On September 12, 1952, a claim for benefits under the death benefits provision of the Act was filed by Maggie Jones as mother and next friend of Glynda Harvey and Walter Lee Harvey, the children of William Brit Harvey, deceased; that Glynda Harvey is the 18 year old daughter of deceased, is now married and was not financially dependent upon said deceased at the time of his death but was maintained in a home of her own by her husband and is not therefore entitled to share in the benefits hereinafter set out; that Maggie Jones is the ex-wife of decedent and the mother of claimants, Glynda Harvey and Walter Lee Harvey, and said Maggie Jones makes no claim for benefits herein and none should be allowed; that William Brit Harvey left as his sole and only dependent, his son, Walter Lee Harvey, who was the only person financially dependent upon decedent for support at the time of his death, and, therefore, the said Walter Lee Harvey is entitled to the full benefits as provided by the death benefits provision of the Workmen's Compensation Law, the benefits being $13,500, and upon such findings an award was made accordingly. The award was sustained on appeal to the Commission en banc.

The construction company and its insurance carrier hereinafter referred to as petitioners bring the case here to review this order and rely for its vacation on the sole ground that the evidence is insufficient to sustain the finding of the State Industrial Commission that Walter Lee Harvey was a dependent of deceased, William Brit Harvey.

■ The evidence shows that Mr. Harvey during his lifetime was a common laborer. He worked wherever he could get work to do. He had worked on a farm, at various oil fields, in different refineries and worked as a handy man on construction jobs, did some railroad work and other odd jobs. He worked most of the time but at times he was idle, not being able to obtain work. While he was working he made from $200 to $400 a month, dependent upon the kind of work in which he was engaged. The evidence further shows that from the time of his marriage up to the time the parties were divorced he provided for and supported his family to the extent of his financial ability. They were furnished a comfortable home, the children were clothed and kept in school. After the parties were divorced Mrs. Harvey moved to Elkhart, Kansas, where she and Walter Lee Harvey resided at the time of the death of decedent. The children remained with their mother, Mrs. Harvey, during the school months and visited the father and stayed with him during vacation. The divorce decree made no provision for the support of the children, but Mr. Harvey continued to contribute to their support. He gave them money on different occasions and clothing and continued to do so from the time of the divorce until the date of his death. During this period of time he contributed to their support in cash and clothing a total sum of about $1,000. In addition to these contributions while the children were visiting with him and in his custody he expended for their support about $200 per month. The evidence further shows that Walter Lee was not a healthy child and was in need of medical care and that deceased furnished him with such care. The amount expended for this purpose is not shown by the record. The evidence shows that Mrs. Harvey after the divorce obtained employment and also contributed to their support. The amount contributed is not shown by the record. We think the evidence sufficient to sustain the finding of the commission that Walter Lee Harvey was the sole and only dependent of his deceased father, William Brit Harvey, and that he was entitled to recover compensation for the full amount allowed by statute, 85 O.S.1951 § 22, the sum of $13,500.

■■ It is contended by petitioners that the evidence is wholly insufficient to authorize an award in that sum; that the evidence shows claimant was only partially dependent upon deceased for his support and should only be awarded compensation for a percentage of the statutory amount al-

lowable measured by the actual amount contributed by deceased to his support and such further amount as he might have reasonably expected to receive until he reached the age of majority which it is contended would have amounted to a very small fraction of the $13,500 awarded by the commission. We do not agree. The evidence discloses that deceased during his lifetime made a substantial contribution to the support of claimant and the evidence is also sufficient to show that claimant had reasonable grounds to anticipate future support from him.

 The identical question here presented was presented in Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931, 933, and in disposing of that question we said:

> "It is further contended by petitioners that since the evidence shows that claimants were only partially dependent upon deceased employee for their support the Commission was without authority to allow them the full compensation provided by the Act. * * *

> "It will be noted that the statute arbitrarily fixes the amount of compensation allowable to dependents of a deceased employee at $13,500. It makes no provision for proportioning the amount allowable based upon percentage of dependency. We therefore, hold that claimants are entitled to recover full compensation allowed by the statute."

In that case, we also held:

> "A finding of dependency by the State Industrial Commission under Death Benefits provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by the evidence."

See, also, G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056.

The above authorities are decisive of the question here presented.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS, and BLACKBIRD, JJ., concur.

WELCH, J., concurs in result.

O'NEAL, J., concurs by reason of stare decisis.