**PAWHUSKA FEED MILLS and Maryland Casualty Insurance Company, Petitioners,**

v.

**Dale C. HILL, Beulah Ellen Hill and Oklahoma State Industrial Commission, Respondents.**

No. 36869.

Supreme Court of Oklahoma.

Nov. 8, 1955.

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, for petitioners.

Hamilton & Kane, Pawhuska, Claud Briggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

On October 22, 1953, Wayne Earl Hill, a minor 16 years of age, while in the employ of Pawhuska Feed Mills sustained an accidental injury resulting in his death. No administrator of his estate has ever been appointed. On February 11, 1954, Dale C. Hill and Beulah Ellen Hill, father and mother of deceased claiming to be his

sole and only dependents, filed claim for compensation under the Death Benefit Provision of the Workman's Compensation Law, 85 O.S.1951 § et seq., against petitioners herein, Pawhuska Feed Mills and its insurance carrier in which claim it is stated that on October 22, 1953, deceased, while in the employ of petitioner feed mill, sustained an accidental injury resulting in his death; that the injury occurred while he was engaged in either connecting or disconnecting an electric wire when he slipped and fell and his hand came in contact with a live wire causing his electrocution.

The trial commissioner found that deceased sustained an accidental injury resulting in his death while in the employ of petitioner feed mill; that respondents were not dependents of deceased at the time he sustained the injury resulting in his death and entered an order denying compensation. The findings and order of the trial commissioner were vacated on appeal to the Commission en banc. The Commission en banc in lieu of the findings of the trial commissioner after finding that deceased while in the employ of petitioner feed mill sustained an accidental injury arising out of and in the course of his employment resulting in his death further found:

"That no administration proceedings have been instituted in the estate of Wayne Earl Hill, deceased.

"That the sole dependent heirs of Wayne Earl Hill, deceased, surviving him are as follows:

"Dale C. Hill, father, of legal age;

"Beulah Ellen Hill, mother, of legal age.

"That by reason of the accidental injury and resulting death of Wayne Earl Hill, his dependent heirs are entitled to recover from the respondent and insurance carrier the sum of $13,500.00, * * *."

And upon such findings entered an order awarding compensation accordingly.

Petitioners bring the case here to review this award and contend that there is no competent evidence which reasonably tends to support the Commission's finding that these claimants (respondents herein) suffered a pecuniary loss by reason of the death of Wayne Earl Hill.

It was stipulated at the trial that the only question involved was whether respondents were dependents of deceased at the time of his death.

The undisputed evidence discloses the following facts: Deceased sustained the injury resulting in his death at the time and in the manner stated in respondents' claim for compensation; that Mr. and Mrs. Hill, respondents herein, had for several years conducted a grocery store and meat market at Findlay, Ohio; that their son, Wayne Earl Hill, for a period of time extending over more than two years had done the work of a grown person in that store; that he was working full time except on days when he was in school and that respondents were dependent upon him in conducting the store. It would have been impossible for them to have operated at a profit if they had been compelled to hire an outside person to do the work Wayne was doing; that Wayne took over the work in the store which his brother, a partner, had been doing before the brother sold his interest to the parents; that it would have cost respondents about 75 cents an hour to hire a person to do the work Wayne was doing; that he averaged from 30 to 40 hours per week during the entire time he was working for them; that he received no salary or wages for his work nor did he participate in the profits.

The evidence further discloses that Mr. and Mrs. Hill and Wayne had been planning for several years to move near Pawhuska, Oklahoma, to engage and work together in establishing a small cattle business. In May, June and July of 1953, Wayne obtained employment on a farm of Mr. Orail Shafer; that he earned $160 while working for him; that he gave $100 of that money to his father for the purpose of making payment on a truck which they afterwards used in moving to Oklahoma; that he bought a pair of shoes out of the balance of money for about $8 and gave the balance to his father. In the latter part of the summer of 1953, respondents sold their grocery store and meat market at Findlay, Ohio, and moved to Pawhuska, Oklahoma.

They used the money acquired from the sale of the store for the purchase of a small herd of cattle.

After they arrived in Pawhuska, Wayne obtained occasional work at the Pawhuska Feed Mills. He worked there until he sustained the accident resulting in his death; that he had earned while working there the sum of $140; that he gave $15 of this money to his father to make payment on a cow and practically the entire balance was used to buy provisions and for other support of the family.

The above evidence consisting of the evidence of respondents and other witnesses is undisputed and we think sufficient to support the award of the Commission.

■ It is well established that the Death Benefit Provision of the Workmen's Compensation Law was adopted as a substituted remedy for the Wrongful Death Statute insofar as causes of action arises from death of workers employed in hazardous occupations. The evidence that would establish percuniary loss to a parent for the death of a minor unmarried son under the Wrongful Death Statute will establish the right of a parent to recover as a dependent heir under the Death Benefit Provision of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134.

In Weleetka Cotton Oil Co. v. Brookshire, 65 Okl. 293, 166 P. 408, 410, it is stated:

" 'The loss which man suffers by the death of a relative may be the loss of something which he was legally entitled to receive, or may be the loss of something which it was merely reasonably probable he would receive. The first description of loss is principally confined to a husband's loss of his wife's services, a wife's loss of her husband's support and services, *a parent's loss of the services of a minor child,* and a minor child's loss of the support of a parent. But the statutes do not confine the benefit of the action to husbands, wives, minor children and parents of minor children; and hence a person entitled to the benefit of the action may recover damages for the loss of pecuniary benefit to which he was not legally entitled, but which it is reasonably probable he would have received, except for the death. * * *' " (Emphasis supplied.)

■ We think the above evidence relative to services rendered and earnings contributed to respondent by deceased while they were engaged in operating the store at Findlay, Ohio, and the evidence that he continued to furnish such services and earnings after arriving at Pawhuska, Oklahoma, and that he did in fact contribute a small amount of such earnings to apply on the purchase of stock clearly indicate that he would have continued to contribute services and earnings to respondents except for his death, and would have been evidence sufficient to have established pecuniary loss and dependency in an action brought for damages under the Wrongful Death Statute, 12 O.S.1951 §§ 1053, 1054, and therefore sufficient to establish dependency under the Death Benefit Provision of the Workmen's Compensation Law.

■ The evidence further discloses that Wayne at the time he sustained the injury resulting in his death was a minor 16 years of age. Respondents were entitled to his earnings and services during minority. 10 O.S.1951 § 5; Sweet v. Crane, 39 Okl. 248, 134 P. 1112. The loss of such services and earnings upon the death of Wayne constitutes evidence of pecuniary loss and dependency which the Commission had a right to take into consideration in arriving at its conclusion. Parkhill Trucking Co. v. Hopper, 208 Okl. 429, 256 P.2d 810.

We have examined the authorities cited and relied upon by petitioners. They are distinguishable from this case on the facts.

■ The fact that respondents owned a small amount of property and were not wholly dependent on deceased for support at the time he sustained the accident resulting in his death does not preclude them from being classified as dependents under the Workmen's Compensation Law. Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056.

The contention of petitioners that the evidence of respondents as to services rendered and earnings contributed by deceased, while they were engaged in the operation of the store and meat market in Ohio, was incompetent and should have been excluded is without substantial merit.

Award sustained.

CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., dissents.