EASON OIL COMPANY and United States
Fidelity and Guaranty Company,
Petitioners,

v.

Delores KERNS and the State Industrial
Court of the State of Oklahoma,
Respondents.

No. 38895.

Supreme Court of Oklahoma.

May 31, 1960.

Rehearing Denied July 6, 1960.

**472**

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Paul Pugh and Al Pugh, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Delores Kerns, hereafter called claimant, the daughter of James Arley Kerns, referred to as employee or deceased, recovered an award under the Death Benefit provision of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq. This proceeding is brought by Eason Oil Company, employer, and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called petitioners, to review the award.

Employee, seventy-seven years of age, was employed as a pumper and field man by employer. His duties were, among other things, to pump a well and attend two tanks at the location of the well. He was found dead at approximately 8 o'clock on the night of February 10, 1958.

These two tanks were connected by a ramp and his duties involved climbing a stairway at the north end of the ramp, gauging the wells and when the occasion required operate the valves on the tanks so that the oil ran into the proper tanks to prevent overflow of the oil.

Claimant testified she went to the location above described on the night involved, after she came home from work, and learned her father was not at home. She found him a step from the stairway lying face down on the ground. She turned him over on his side. The night was cold, the temperature was well below freezing, the wind was blowing and there was ice and snow on the ground and on the stairway and ramp. Evidence of tracks could be seen on the stairway and ramp. A wrench, identified beyond dispute as one used by the employee, was found on one of the valves of the tank. There was a pickup truck used by employee parked to the east of the tanks. Its lights were on and the engine was running. Deceased's body was lying with the head in the direction of the pickup truck.

Dr. W. who testified for claimant arrived shortly after deceased was discovered. The doctor fixed the time of his arrival at approximately 8:30, and stated deceased had been dead about two hours; that he died of a heart attack. He further stated that beginning in October, 1955, he treated employee for auricular fibrillation from that time until a period thereafter, but that the auricular fibrillation had cleared up, and when he examined employee February 7, 1958, he found his heart sounds normal. He further testified:

"Then you do have an opinion as to what caused his death?

"I feel like he died from coronary thrombosis, leading to myocardial infarction.

"And further, Doctor, do you have an opinion as to what precipitated this myocardial failure?

"Infarction.

"And, in turn, what precipitated that?

"Well, under the undue stress and strain of cold weather and walking up

the icy steps and down, I think all those are contributing factors, precipitating factors to this condition.

"And the precipitating factors?

"We know definitely through our medical experience that that does cause or precipitate coronary infarction. If he were home in bed, he may not have such a thing, yet under these undue circumstances he would.

"Do you consider the circumstances of the weather and the ice and snow on the ground unusual circumstances contributing to his death?

"I certainly do."

It is first argued there is no competent evidence tending to support the finding that the death of employee was due to an accidental injury arising out of and in the course of the employment.

Dr. T. testified for petitioners, and stated he had examined cardiograms used by Dr. W. during his treatment following October, 1955, and was of the opinion that the death was due to a heart attack and that it was not due to any work or labor performed by employee. The testimony of Dr. W. excludes spontaneous heart attacks disassociated from activity of the employment.

■ Disability attributable to a condition of the heart is compensable under the Workmen's Compensation Act in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the Act. Rigdon & Bruen Oil Co. et al. v. Beerman, et al., Okl., 346 P.2d 169; State Highway Department, et al. v. Powell, Okl., 258 P.2d 1189; Boettcher Oil & Gas Co. et al. v. Lamb, et al., 208 Okl. 192, 255 P.2d 277; Richards v. State Industrial Commission, et al., 143 Okl. 29, 287 P. 69.

■ In Marby Const. Co. et al. v. Mitchell, Okl., 288 P.2d 1108, 1109, it is said:

"In establishing his right to workmen's compensation benefits a claimant is not restricted to direct evidence but may also use circumstantial evidence that is not so certain as to exclude every reasonable conclusion other than the one arrived at by the trial tribunal.

"Whether the death of an injured employee is the result of an accidental injury is a question of fact, and, where there is competent medical evidence that death resulted from the accidental injury, this court will not disturb an award made by the State Industrial Commission based thereon."

■ There is competent evidence reasonably tending to support the finding that the death was due to an accidental injury arising out of and in the course of the employment.

■ It is finally argued that the finding of dependency is not supported by the evidence. Petitioners cite one case on this point, Fox-Vliet Wholesale Drug Co. et al. v. Chase et al., Okl., 288 P.2d 391. The amount of support in that case which consisted among other things, of gifts to the son who had reached his majority and was making more than his mother on whom he claimed to be dependent, was held insufficient to sustain an award on the ground of dependency. In the case under consideration the daughter lived with the father who furnished the utilities which was part of his remuneration from the employer, paid the telephone bill, bought the groceries and furnished the upkeep of an automobile used by both employee and the daughter. There is evidence that claimant, while now employed, is on a temporary basis and was forced by reason of health to quit her former position as a permanent secretary; that she is anemic for which condition she takes medicines which are quite expensive. In Stubblefield et al. v. Sebastian et al., Okl., 340 P.2d 265, 267, the evidence is not dissimilar in many respects to the case under consideration, and if there is a difference it is in favor of claimant here. In sustaining an award the court said:

"Under the rule announced in Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d

1056; Botts-Hulme & Odell. v. Tate, Okl., 265 P.2d 709; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671, and Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412, there is competent evidence reasonably tending to support the finding that claimant was dependent on Gerald Sebastian within the terms and meaning of 85 O.S.1951, § 1 et seq. In Cimarron Telephone Co. v. Nance, supra, (208 Okl. 622, 255 P.2d 931), it is stated:

"'Under Title 85, Chap. 2, Sec. 7, S.L.1951, Workmen's Compensation Act, 85 O.S.1951, Sec. 22, where death is caused by an accidental injury sustained by an employee while engaged in a hazardous employment and arising out of and in the course of his employment, who leaves surviving him dependants, as that term is defined by the Act, such dependents are entitled to recover compensation in the sum of $13,500. The statute does not purport to proportion compensation allowed based upon percentage of dependency, Therefore, where claimants claiming to be dependents are not wholly but only partially dependent upon deceased employee for such support, and such employee during his lifetime makes substantial contributions to their support claimants are entitled to recover full compensation allowable under said section.'"

In G. I. Construction Co. et al v. Osborn et al., supra, it is stated [208 Okl. 554, 257 P.2d 1057]:

"The Death Benefit Provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency. 58 Am.Jur. Workmen's Compensation, Sec. 163; Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482.

"The rule above announced follows the rule frequently announced by this court in construing other provisions of the Workmen's Compensation Act.

"The fact that claimant up to the time of the death of her son was able to take care of herself does not necessarily preclude her from being classified as a dependent of her deceased son. In Sec. 162 Am.Jur., supra, it is said:

"'The purpose of the statute is to provide the workman's dependent in future with something in substitution for what has been lost by the workman's death, and, consequently, to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing of future support and maintenance seems to be the true criterion as to who are dependents.'"

In the syllabus of the above case it is stated:

"The Death Benefit provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency.

"A finding by the State Industrial Commission of dependency under the Death Benefit provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by competent evidence."

See, also, Dierks Forests, Inc. v. Parnell et al., Okl., 331 P.2d 392.

There is competent evidence reasonably tending to support the finding as to dependency.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON and IRWIN, JJ., concur.

BERRY, J., dissents.