Victor B. HOGUE, Administrator of the Estate of Victor Lyle Hogue, Deceased, Petitioner,

v.

J. B. SMITH, Jr., and State Industrial Court, Union Equity Cooperative Exchange Corporation, Farmers Cooperative Grain & Supply Company, and Farmers Elevator Mutual Insurance Company, a corporation, Respondents.

No. 40702.

Supreme Court of Oklahoma.

June 30, 1964.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, for petitioner, Edward J. Murphy, Butler, Mo., of counsel.

Sam Hill, Alex Cheek, Cheek, Cheek & Cheek, Oklahoma City, for respondents.

IRWIN, Justice.

Victor B. Hogue, Administrator of the Estate of Victor Lyle Hogue, deceased, filed a claim with the State Industrial Court to recover death benefits under the Workmen's Compensation Act, for and on behalf of himself and his wife, as the only dependent heirs of the deceased. A trial judge denied the claim on the grounds that neither Victor B. Hogue, nor his wife, was a *dependent* of the decedent. On appeal to the Commission en banc, the order denying the award was adopted and affirmed. The Petition for Review challenges the correctness of the order denying compensation.

## FACTS

Mr. and Mrs. Hogue are the natural parents of the decedent and live in Missouri. Decedent started working when he was approximately sixteen (16) years of age and resided away from the home of his parents. He was generally employed as a truck driver and lived in Texas and Oklahoma and visited his parents periodically. Decedent died as a result of a truck-car accident in Kiowa County, Oklahoma, on September 29, 1961. He was unmarried and was twenty-six years old.

Mr. Hogue testified that in 1961 he operated a food locker in Missouri; that during the years, 1960 and 1961, decedent gave him between $500.00 and $1000.00 a year to help them out; that he and his wife were paying for the food locker and a farm; that decedent and his brother had planned on going into the trucking business with him and that he was going to operate the farm; that the money that decedent gave him was not necessarily to be used to create the trucking business but that the money was given to him to be used in any way he wanted to use it; that the money contributed in 1960 was used to help pay for the farm.

Mr. Hogue further testified that his income for 1960 and 1961, was approximately $4,000.00 a year; that in 1959 he had an income of approximately $3,000.00 and decedent gave him $500.00 and he used the $500.00 to pay on the farm. Mr. Hogue further testified that after decedent's death he traded his equity in the farm for a pool hall that he presently operates.

At the close of claimant's testimony, the Respondents demurred to the evidence and stated that they would offer no testimony and that the matter would be submitted. Thereafter, the trial court entered its order denying the claim on the grounds that Mr. and Mrs. Hogue were not dependents of the decedent.

## PROPOSITION I

■  Claimants contend that on a demurrer to the evidence the facts are admitted as true and the Industrial Court can only consider that evidence which is favorable to claimants and any reasonable inferences to be drawn therefrom and cannot consider any evidence unfavorable to claimant.

To sustain this contention, claimants urge that by virtue of Title 85 O.S.1961 § 91, the State Industrial Court is a court of record and that rules governing demurrers are the same for the State Industrial Court as they are for any other court of record in Oklahoma. Claimants cite Carter v. Pinkerton, 194 Okl. 34, 146 P.2d 842; Connelly v. Johnson, Okl., 385 P.2d 448; and Bankers Security Life Ins. Co. v. Sauls, Okl., 385 P.2d 906, for authority as to what evidence may be considered by a trial court in ruling on a demurrer to the evidence.

An examination of the above cases disclose that they are all actions of legal cognizance and do not involve or have reference to proceedings before the State Industrial Court. In Banning v. Peru-Laclede Syndicate, Inc., 179 Okl. 382, 65

P.2d 976, it was contended the familiar rule in passing upon a demurrer to the evidence which prevails in the trial of a case before a jury is applicable to proceedings before the State Industrial Court, and we held:

"In awarding or denying compensation under the Workmen's Compensation Act, the State Industrial Commission must determine the facts and the general rule covering demurrers to the evidence in jury trials has no application to proceedings before the commission or its order and findings."

In the opinion we said:

"* * * If the proceedings before the State Industrial Commission were analogous to those had in connection with jury trials, the point that claimant seeks to make would be well taken. This is not the situation. On the contrary, we are of the opinion that the proceedings before the State Industrial Commission are more nearly analogous to those had where a trial is before the court without a jury. * * *"

The above case was cited with approval in Hattabaugh v. B. H. & W. Mining Co., 204 Okl. 464, 230 P.2d 923, and in Mahl v. McMahan, Okl., 325 P.2d 78, we find this language:

"Claimant argues that since the trial commissioner sustained a demurrer to the evidence, under the rule announced in Empire Oil & Refining Co. v. Williams, 184 Okl. 172, 86 P.2d 291, it is necessary to disregard all the evidence in favor of respondents and consider only testimony favorable to claimant. The rule is not applicable in cases before the State Industrial Commission. Banning v. Peru-Laclede Syndicate, Inc., 179 Okl. 382, 65 P.2d 976. * * *"

Although the Legislature designated and confirmed the State Industrial Court as a court of record, the general rule which prevails in passing upon a demurrer to the evidence in actions of legal cognizance, being tried to a jury, has no application to proceedings before the State Industrial Court. Therefore, if we assume the trial judge sustained the demurrer to plaintiff's evidence, instead of rendering his order denying the award after the decedent's employer rested without submitting evidence, the general rule applicable to passing upon demurrers in actions of legal cognizance, being tried to a jury, has no application to the proceedings in the instant action.

## PROPOSITION II

■ Claimants contend the trial judge and the State Industrial Court en banc, erred in holding that they were not dependent upon the deceased for support and therefore not entitled to death benefits. Claimants cite and rely on Cimarron Tel. Co. v. Nance, 208 Okl. 622, 255 P.2d 931; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412; Stubblefield v. Sebastian, Okl., 340 P.2d 265; and Boardman Company v. Eddy, Okl., 363 P.2d 821.

An examination of the above cases disclose that we affirmed the order of the State Industrial Court (or Commission) awarding death benefits. In the syllabus of each case we employed language similar to that used in the case of Boardman Company v. Eddy, supra, wherein we held:

"A finding of the State Industrial Court upon the issue of dependency under the death benefit provisions of the Workmen's Compensation Act will not be disturbed on review when reasonably supported by competent evidence. * * *"

The rule of law above quoted is also applicable in reviewing State Industrial Court proceedings where death benefits are denied. See the syllabus in Akin v. Akin Distributors, Inc., Okl., 386 P.2d 769.

■ Whether or not claimants were dependent upon the decedent as that term is employed in the Workmen's Compensation

858

Act was a question of fact to be determined by the State Industrial Court and its finding as to dependency will not be disturbed on review where such finding is reasonably supported by competent evidence. The Industrial Court found that claimants were not dependent upon the decedent and such finding is reasonably supported by competent evidence.

Order denying an award is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.