CITY OF DUNCAN and the State Insurance Fund, Petitioners,

v.

Mary E. COULTER and the State Industrial Court, Respondents.

In the Matter of the Death of Leslie W. Coulter.

No. 40772.

Supreme Court of Oklahoma.

July 7, 1964.

Mont R. Powell, and Moraul Bosonetto, Oklahoma City, for petitioners.

John H. Kennedy, Oklahoma City, and Charles R. Nesbitt, Atty. Gen., for respondent, Mary E. Coulter.

BERRY, Justice.

Mary E. Coulter filed a claim under the death benefit provision of the Workmen's Compensation Act, 85 O.S.1961 § 22 et seq., arising by reason of the death of her son, Leslie W. Coulter. An award was made by the State Industrial Court against the City of Duncan. City of Duncan and the State Insurance Fund, its insurance carrier, hereinafter referred to as petitioners, have brought this proceeding to review the award against them.

At the time of his death, Leslie was an employee of the City of Duncan as a common laborer. He died as the result of a heart attack while digging a grave and performing labor incidental thereto at a cemetery belonging to the City of Duncan. Although petitioners, in the proceedings before the Industrial Court, denied that deceased's heart attack was caused by accidental injury arising out of and in the course of his employment, this phase of the case has apparently been abandoned in the appeal. Only the question of dependency of the respondent (claimant) is raised in this proceeding.

The record discloses that Mary E. Coulter was the mother of deceased, he being her eldest son; that she was 80 years of age, receiving old-age assistance payments from the State Welfare Department. Her husband had died in 1930. At the time of his death there were eight children. Leslie never married but helped his mother after the death of his father. He owned the home in which they lived. Although they shared the bills, he paid part of her medical bills and generally looked after her well being, doing the laundry and furnishing her a place to live without cost to her. This has not been sporadic but has continued during all the period since Leslie's father died. Had he lived she would have had a right to continue to look forward to his care, solicitation and help, especially in view of her advanced years.

■ Under the rule announced in Cimarron Telephone Co. v. Nance, 208 Okl. 622,

255 P.2d 931; G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056; Botts, Hulme & Odell v. Tate, Okl., 265 P.2d 709; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412; and Sinclair Oil & Gas Co. v. State Industrial Commission, Okl., 338 P.2d 866; there is competent evidence reasonably tending to support the finding that claimant was dependent on Leslie W. Coulter within the terms and meaning of 85 O.S.1961 § 1 et seq.

In Cimarron Telephone Co. v. Nance, supra, this Court, construing the death benefits provision of the above cited statute, stated:

" * * * The statute does not purport to proportion compensation allowed based upon percentage of dependency. Therefore, where claimants claiming to be dependents are not wholly but only partially dependent upon deceased employee for such support, and such employee during his lifetime makes substantial contributions to their support claimants are entitled to recover full compensation allowable under said section."

And in Dierks Forests, Inc., v. Parnell et al., Okl., 331 P.2d 392, it is stated:

"Where parents claiming to be dependents of son under death benefits provision of Workmen's Compensation Law were not wholly but only partially dependent upon son for support but son had made substantial contribution to their support and it appeared that such contributions would probably have continued except for the death, parents were entitled to recover full compensation allowable under death benefit provision."

As argued by petitioners, we are fully aware that the purpose of the statute is to provide the workman's dependent in the future with something in substitution for what has been lost by the employee's death, and to establish dependency the applicant for compensation must show that he or she had reasonable grounds to anticipate future support from the decedent; that reasonable expectation of continuing future support and maintenance is the true criterion as to whom are dependents. However, we are also aware that in proceedings before the Industrial Court a broad and liberal interpretation relative to the determination of the question of dependency is to be used and we do not believe such construction connotes the necessity of legalistic language and precision in showing what future expectancy of support has been lost. This is applicable in this case when the evidence is such that it can be fairly determined to show that by reason of decedent's death the claimant has lost anticipated future support.

In G. I. Construction Co. et al., v. Osborn et al., supra, the rule is stated in Syllabi 1 and 2:

"1. The Death Benefit provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency.

"2. A finding by the State Industrial Commission of dependency under the Death Benefit provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by competent evidence."

Since there is competent evidence herein reasonably tending to support the finding of the State Industrial Court as to dependency, the award should be sustained.

It is so ordered.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.