In the Matter of the DEATH OF
Terry McBRIDE.

Lloyd McBRIDE, Petitioner,

v.

L. R. McBRIDE ENG., INC., et al.,
Respondents.

No. 47563.

Supreme Court of Oklahoma.

May 27, 1975.

Anderson, Bonham, Brogden & Fellingham, by James F. Fellingham, Oklahoma City, for petitioner.

Milton R. Moon, Oklahoma City, for respondents.

HODGES, Vice Chief Justice.

This proceeding seeks review and vacation of a trial judge's order denying petitioner's claim for death benefits, resulting from death of a minor son during part-time employment with petitioner's solely owned, corporate, oil well testing company.

The trial judge determined the fact of death on January 14, 1973, as a result of accidental injury sustained in course of covered employment. The court further found:

"That Terry Lee McBride, deceased, left no heirs at law, who suffered a pecuniary loss by reason of his death as defined by the Workmen's Compensation Law, and therefore, the claim of the party to this action for Death Benefits should be denied."

This order was affirmed by State Industrial Court on en banc appeal.

The sole issue for review concerns the correctness of the determination petitioner was not an heir at law who suffered pecuniary loss from death of his son within purview of 85 O.S.1971 § 22.

Deceased, a sixteen year old school boy, had been employed week-ends and vacations, assisting regular employees in well testing operations. On January 14, 1973, deceased climbed a tank, which had an open hole in the top, to assist in performance of testing operations. He failed to return to the well within the normal time period. The tester then climbed an outside ladder to the top, and discovered deceased lying on the bottom of the tank. An ambulance was called, and deceased was pronounced dead on arrival at a hospital.

Evidence relating to alleged dependency was elicited from petitioner. Deceased was a high school·student, employed part-time, who handled his own money and contributed nothing toward support of petitioner or the family. Deceased sometimes assisted petitioner nights in preparation of paper work involved in making reports.

Although no wages were received, this benefited both the company and deceased by educating him in respondent's business. Petitioner provided for all deceased's needs, expected to provide a college education, and did not expect future support if deceased did graduate from college. Basis for claiming pecuniary loss was petitioner's hope deceased would continue with the company and sometime in the future take over management and successfully operate the company, to the extent petitioner could retire and take things easy on anticipated income.

Petitioner points to evidence showing deceased had worked more than two years, used his wages to purchase his own personalty, and gratuitiously assisted petitioner in some work which relieved the expense of another employee. Also, deceased was being trained for ultimate operation of the business which would have permitted petitioner's eventual retirement and enjoyment of deceased's labors. Deceased's demise necessitated employment of a replacement at greater cost to petitioner's economic and pecuniary detriment. There was no corroborative evidence relative to an employee hired for this work, or the amount of salary necessarily paid.

Petitioner equates this evidence as adequately showing partial dependency, sufficient to authorize recovery of statutory death benefits, under the authority of Boardman Co. v. Eddy, 363 P.2d 821 (Okla.1961). He further urges our decision in City of Duncan v. Coulter, 393 P.2d 863 (Okla.1964) which declares that a showing of reasonably anticipated future support and maintenance provides the criterion for finding pecuniary loss, within the liberal application of the Act, supra. In this manner, petitioner concludes there was sufficient evidence to support a finding of pecuniary loss, and the order denying an award should be vacated.

The cited cases correctly state settled principles. Examination of these decisions,

however, immediately discloses their inapplicability to the present review. The result in each rested upon evidence reasonably showing the decedent's past services and contributions, coupled with reasonable expectation of continuing future support and maintenance. The discrepancy between evidentiary requirements of these cases and the evidence in this case is so apparent further discussion is unnecessary.

In death benefit cases a minor child of a deceased employee is presumed to have suffered pecuniary loss, and will be treated as a dependent heir at law under the Act, supra, notwithstanding decedent did not contribute to support after sustaining injury. Armour and Company v. Strickland, 413 P.2d 320 (Okla.1966). However, this presumption does not pertain where death benefits are claimed by a surviving parent. In the latter instance, there must be proof to establish pecuniary loss to the parents. Parker v. National Zinc Company, 406 P.2d 493 (Okla.1965).

In Finefrock v. Rice, 426 P.2d 675 (Okla.1967), we considered the factors involved in the quantum of proof sufficient to establish loss of acts and services of pecuniary value which a decedent likely would have contributed to the parent except for death. Mentioned as significant were age, physical and financial condition of the parent, and reasonable expectation of continuing services and support.

Evidence in the present case neither reflects past services or contributions from deceased, nor reasonable expectation of future support. Anticipated benefits expected to be received at an undetermined future time are not a proper criterion, absent any evidence of past contributions. Whether pecuniary loss has been sustained by an heir at law presents a question of fact for State Industrial Court determination. A finding on this issue will not be disturbed on review where reasonably supported by competent evidence. The trial court's finding claimant did not sustain pe-

cuniary loss is supported by competent evidence. Hogue v. Smith, 393 P.2d 855 (Okla.1964).

Order sustained.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.