In the Matter of the Death of Terry Dean HOWARD, Petitioner,

v.

LENHART & BENNETT, INC., the Hartford Insurance Group, and Workers' Compensation Court, Respondents.

Nos. 58642, 58647.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 15, 1983.

Rehearing Denied March 29, 1983.

Certiorari Denied May 17, 1983.

Released for Publication by Order of the Court of Appeals May 20, 1983.

John S. Oldfield, Jr., Oklahoma City, for petitioner.

Barbara S. Rice, Oklahoma City, for respondents.

BOYDSTON, Judge.

Worker Terry Dean Howard suffered a fatal accidental injury arising out of and in the course of his employment for Employer Lenhart & Bennett, Inc., on December 31, 1979. The Workers' Compensation Court found (1) Worker's mother and administratrix, Wanda Lee Raines (Mother) suffered a pecuniary loss of $5,000 by reason of Worker's death and (2) Worker's grandmother, Letha Grimes (Grandmother) was entitled to death benefits as an actual dependent of deceased Worker. Appeal to court en banc resulted in a decrease in Mother's award to $2,500. Both sides appealed, and the cases were consolidated for our review. Based on our review of the record and applicable law, we find the en banc order free from error and affirm.

Mother testified Worker, who was single and childless, had been living with and supporting Grandmother for a year at the time of his death. Mother further testified she obtained a loan in her name when Worker was sixteen, enabling him to buy a pickup. He made all the payments, which were current at his death, but Mother had to sell the truck at a loss after he died. The sales price was $2,500 short of the loan amount, and Mother had to pay the difference.

Grandmother testified her only income was $180.60 per month social security. She testified Worker paid her $200 per month for room and board, made the payments on her new washer, and gave her additional cash as needed. Another grandson moved in shortly after Worker died and also paid $200 per month room and board. Grandmother testified that grandson was leaving soon to be married, and she did not expect anyone else to live with her. Grandmother testified she used the money Worker furnished her for food, utilities, and rent.

The two issues raised on appeal are:

1. Is court en banc's award of $2,500 pecuniary loss to Mother supported by competent evidence and applicable law?

2. Is court en banc's award of continuing benefits to Grandmother as an actual dependent of deceased Worker supported by competent evidence and applicable law?

We find the awards are proper and affirm court en banc's modification order.

## I

Mother claims death benefits under 85 O.S.1981 § 22(9), which provides:

"Where some pecuniary loss may be shown by heirs-at-law of the deceased, as defined by the descent and distribution statutes of Oklahoma, who are otherwise not entitled to receive benefits under other provisions of this section, such heirs-at-law shall receive compensation for their pecuniary loss not to exceed an aggregate of Five Thousand Dollars ($5,000.00)."

Whether pecuniary loss has been sustained by an heir-at-law presents a question of fact for Workers' Compensation Court determination. A finding on this issue will not be disturbed on review when it is supported by competent evidence. *In Re Death of McBride,* Okl., 536 P.2d 356 (1975). Evidence of Worker's past contributions; *i.e.* his truck payments, indicates that Mother could have reasonably expected his continued payments on the debt she incurred for his benefit but for his untimely death. See *Finefrock v. Rice,* Okl., 426 P.2d 675 (1967), wherein the court cites *Kaw Boiler Works v. Frymyer,* 100 Okl. 81, 227 P. 453, 459 (1924), for the proposition that a pecuniary loss is determined by the amount of

money the deceased would likely have contributed to the parent except for the fact of his death.[1]

 Mother argues that once any pecuniary loss is shown, the maximum statutory recovery amount ($5,000) should be automatically awarded, but cites no authority supporting this contention; and we can find none.

## ·II ·

 Employer argues that the award of over one hundred weeks accrued and continuing benefits to Grandmother was error because she ceased to be "actually dependent" shortly after Worker's death. We disagree and affirm the en banc order.

The applicable statutory provisions are as follows:

"The income benefits of each beneficiary ... shall be paid until the beneficiary, if a parent or grandparent ... ceases to be actually dependent ...." 85 O.S.1981 § 22(8)(a)(8).

" 'Actually dependent' means ... any other person dependent in fact upon the employee and refers only to a person who receives one-half (½) or more of his support from the employee ...." 85 O.S. 1981 § 3.1(A)(1).

"A person ceases to be actually dependent when his income from all sources exclusive of workers' compensation income benefits is such that, if it had existed at the time the original determination of actual dependency was made, it would not have supported a finding of dependency." 85 O.S.1981 § 22(8)(a)(9).

Employer concedes Grandmother was an "actual dependent" of Worker on the day of his death. Employer argues, however, that status terminated under the above statutory formula—§ 22(8)(a)(9)—when the other grandson moved in and began contributing $200 per month in the same fashion as the deceased grandson had.

 We do not agree that Grandmother's dependency status changed when the second grandson moved in after Worker's death. Charity is not income within the meaning of § 22(8)(a)(9). If it were otherwise, this special class of beneficiaries would be forced into penurious subsistence until trial to qualify for benefits. As a practical matter, this class would never receive benefits. We do not believe the legislature intended to create an illusory class of beneficiaries.

En banc order affirmed.

BACON, P.J., and MEANS, J., concur.

---

1. Although *Kaw Boiler Works, supra,* involves "pecuniary loss" in a wrongful death action, the standards and interpretations of the term in that type of action constitutionally apply also to workers' compensation actions. *Wallace v. State Indus. Court,* Okl., 406 P.2d 483 (1965).