**In the Matter of the Death of David Ray FLEMING.**

**Carol Jean FLEMING, Petitioner,**

**v.**

**SHEFFIELD STEEL CORPORATION, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 84155.**

Court of Appeals of Oklahoma, Division No. 4.

Jan. 24, 1995.

---

Joseph F. Bufogle, Bufogle & Associates, Tulsa, for petitioner.

J. Ronald Petrikin, Nancy E. Vaughn, Crowe & Dunlevy, Tulsa, for respondents.

## OPINION

GOODMAN, Judge.

This is a review of an order of the Workers' Compensation Court denying the claimants' request to be awarded pecuniary loss benefits in addition to those benefits previously awarded to them as actual dependents of the deceased worker. Based upon our review of the record and applicable law, we sustain the order.

1. The relevant provisions of § 22(8) state:

Income benefits for death. If the injury ... causes death, income benefits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:
(a) Benefit amounts for particular classes of dependents.
(1) If there is a surviving spouse, to such surviving spouse fifty percent (50%) of the average weekly wages the deceased was earning.
(2) If there is a child or children fifteen percent (15%) of the average weekly wages the deceased was earning for each child. *Where there are more than two such children, the income benefits payable for the benefit of all children shall be divided among all children, to share and share alike ....*

## I

On March 19, 1994, thirty-three-year-old David Fleming was "[w]orking at a steel furnace" during the course of his employment as a "third helper" at Sheffield Steel Corporation, when "something exploded inside of furnace, causing molten steel to splash out & hit employee." He died in a hospital burn unit five days later from "sepsis and acute renal failure due to thermal burns."

Claimant Carol Fleming, the deceased worker's widow, filed a Form 3–A "First Notice of Death Claim for Compensation" on behalf of herself and her three minor children. They were awarded "income benefits" under 85 O.S.Supp.1993 § 22(8)[1] and (11).[2] Such benefits are payable to those persons who are "actually dependent" upon the deceased worker as that term is defined by 85 O.S.1991 § 3.1(A)(1).[3]

The claimants also filed a motion seeking additional benefits under § 22(9), which provides that:

Where some pecuniary loss may be shown by heirs-at-law of the deceased, as defined by the descent and distribution statutes of Oklahoma, *who are otherwise not entitled to receive benefits under other provisions of this section,* such heirs-at-law shall receive compensation for their pecuniary loss not to exceed an aggregate of Five Thousand Dollars ($5,000.00). (Emphasis added).

2. Section 22(11) reads:

If there is a surviving spouse and surviving children entitled to receive death benefits herein, such survivors shall be entitled to an immediate lump-sum payment of Ten Thousand Dollars ($10,000.00) to the spouse and Two Thousand Five Hundred Dollars ($2,500.00) to each surviving child *not to exceed two children.* (Emphasis added).

3. Subject statute reads in relevant part:

A. In respect to death benefits under the Workers' Compensation Act, the following definitions shall apply:
(1) "Actually dependent" means:
a. a surviving spouse ...;
b. a child....

The claimants contend that § 22(8)(a)(2)—which dictates that if there are "more than two such children [actually dependent upon the deceased worker], the income benefits payable for the benefit of all children shall be divided among all children, to share and share alike"—creates a pecuniary loss within the meaning of § 22(9) "because the sharing of benefits among [the children] reduces each particular child's receipt." The argument is that any one of the minor children, "when viewed in relation to their [sic] two siblings, is, essentially, an individual 'not entitled to receive benefits under other provisions of this section'" and therefore that child is "eligible under § 22(9) to receive compensation for his pecuniary loss in the aggregate, lump sum amount of $5,000 additional to those amounts paid under other sections of 85 O.S. § 22."

The trial court denied the claimants' request and, in an order filed July 29, 1994, found that "neither the widow nor any of the surviving children of the deceased are entitled to any benefits under Title 85 Oklahoma Statute, Section 22(9), in addition to what has heretofore been awarded in the order filed herein on May 24, 1994." The claimants seek our review.

## II

The parties jointly stipulated that the claimants have been fully compensated under § 22(8) and (11).[4] The claimants contend, however, that the trial court erred as a matter of law in denying additional benefits for pecuniary loss under § 22(9).

We disagree. The Workers' Compensation Act establishes distinct "[b]enefit amounts for particular classes of dependents." Section 22(8)(a). Potential claimants who "may not be eligible for 'income benefits' ... may recover as 'heirs-at-law' if they have sustained pecuniary loss under subsection 9." *Hughes Drilling Co. v. Craw-*

*ford,* 697 P.2d 525, 528 (Okla.1985). However:

"Actual dependency" and "pecuniary loss" are totally incompatible concepts. The former requires that a beneficiary's claim be founded solely on *pre-death support actually provided* by the deceased employee. The latter term affords a measuring device that is *essentially prospective* in character. *Id.* at 532 (Opala, J., dissenting).

In the matter before us, the claimants have been compensated with income benefits under the Act based upon their status as actual dependents of the deceased worker. The statutory limitations imposed on benefits available to members of that class is for the legislature, not this court, to address. Income benefits awarded to the actual dependents of a deceased worker clearly exclude those dependents from eligibility for additional pecuniary loss benefits available to potential "heirs-at-law ... who are otherwise not entitled to receive benefits" under the Act.[5] Section 22(9).

We hold the statutory mandate that income benefits must be divided equally among three or more dependent children of a deceased worker does not deny benefits to those children or otherwise create a pecuniary loss entitling one or more of the dependent children to additional benefits under § 22(9).

The trial court did not err as a matter of law in denying the requested relief, and the order under review is therefore SUSTAINED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

4. The stipulation was offered to explain the absence of an executed order awarding benefits under § 22(8) and (11). The parties state that an order was approved by the trial judge, but was not executed before the judge left the bench. Neither party contests the accuracy of the terms of the unexecuted order attached to the stipulation, and all agree to be bound by it.

5. The claimants' reliance on *Howard v. Lenhart & Bennett, Inc.,* 663 P.2d 386 (Okla.Ct.App. 1983), is misplaced. The deceased worker in *Howard* "was single and childless." Unlike the claimants in the present matter, the deceased worker's mother in *Howard* was not actually dependent upon the deceased worker and thus was not entitled to § 22(8) income benefits. Instead, she was compensated under § 22(9) for her demonstrable pecuniary loss.